UNITED STATES of America, Plaintiff,

v.

Mitchell S. JANIK, Defendant.

No. 81 CR 621.

United States District Court,
N.D. Illinois, E.D.

Oct. 26, 1992.

Terry M. Kinney, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Kimberly A. Sutherland, Chicago, Ill., for defendant.

ORDER

NORGLE, District Judge.

Before the court is petitioner Mitchell S. Janik's ("Janik") motion for expungement of record of an eleven-year-old case. For the following reasons, the motion is denied.

FACTS

Originally arrested by local police, Janik's state charges were later dropped. On October 27, 1981 a federal grand jury indicted Janik, a deputy sheriff in Cook County, Illinois, for possessing two unregistered guns (a submachine gun and a sawed-off shotgun), in violation of Title 26, United States Code § 5861(d).

In deciding this motion, the court has considered the thorough review by the Seventh Circuit of the evidence at the bench trial on January 18, 1983 before Judge Susan Getzendanner, who found Janik guilty and sentenced him to eight months in prison for possession of the submachine gun, and sentenced him to five years probation and imposed a $2,000 fine for possession of the sawed-off shotgun.

Janik appealed his conviction and raised two issues: whether the proceedings violated the Speedy Trial Act, Title 18, United States Code § 3161 et seq., and whether the seizure of the guns violated the Fourth Amendment. The Seventh Circuit found no violation of the Fourth Amendment but did find a violation of the Speedy Trial Act. The court reversed Janik's conviction and remanded the case with instructions to determine whether Janik's case should be dismissed with or without prejudice as a sanction for the Speedy Trial Act violation. The Seventh Circuit directed the lower court to balance the fact that two years had passed since the arraignment with the following factors in favor of dismissing without prejudice: "the defendant never manifested any desire to see the proceeding move along any faster than it was; much of the delay was due to a clerical oversight ...; his offense was a grave one, punishable by a maximum prison sentence of ten years ... and he was found guilty of committing two such offenses." *United States v. Janik*, 723 F.2d 537, 546–47 (7th Cir.1983). The Seventh Circuit observed that there was enough evidence to convict Janik beyond a reasonable doubt of possessing an unregistered automatic weapon

and an unregistered sawed-off shotgun, both capable of being operated. *Janik*, 723 F.2d at 549. The case was reassigned from Judge Getzendanner, and on June 21, 1984, Judge McMillen dismissed the case without prejudice. The defendant was not reindicted. Eight years later, the defendant filed this motion for expungement of records.

Janik prays that this court direct the United States and its agencies to expunge all records of indictment and court proceedings of Mitchell S. Janik together with all photographs, fingerprints, and all other records of identification, and for such other relief as this court deems fit. Janik asks this court alternatively to consider equitable relief short of expunction that would allow the United States to keep its records, but would not allow it to disseminate the records in a manner that destroys or dampens his opportunities for employment and economic advancement.

## DISCUSSION

■ Petitioner's motion lacks any explanation of the jurisdictional basis for deciding the motion following dismissal by Judge McMillen of the indictment more than eight years ago. "Being a defendant in a criminal prosecution does not forever license litigation against the government...." *Scruggs v. United States*, 929 F.2d 305 (7th Cir.1991). The district court accordingly lacks jurisdiction to hear this matter as part of the criminal case after the case has been dismissed and closed. *Id.* at 306; *Diamond v. United States*, 649 F.2d 496 (7th Cir.1981).

Additionally, the Seventh Circuit has rejected the idea that jurisdiction can be based upon the "inherent" power of judges to order the executive branch to expunge records, and no statute authorizes expunction. *Scruggs*, 929 F.2d at 306; *see also United States v. Scott*, 793 F.2d 117 (5th Cir.1986) (court expressed "grave doubts" about whether district court has authority under Article III of the Constitution to order expungement as a form of relief). Accordingly, the court lacks jurisdiction to consider Janik's motion to direct the executive branch to expunge its records. The motion is, therefore, denied.

■ The government appropriately argues that even assuming for the sake of argument that this court retains jurisdiction, Janik's case does not present the extraordinary circumstances which might justify expunction. The court agrees. Courts which have considered expunction acknowledge that expungement is a very narrow power exercised only in "extraordinary circumstances." *United States v. Smith*, 940 F.2d 395, 396 (9th Cir.1991). Cases in which courts have found "extraordinary circumstances" and have ordered expungement include:

> mass arrests without probable cause, *Sullivan v. Murphy*, 478 F.2d 938, 968–73 (D.C.Cir.), *cert. denied*, 414 U.S. 880, 94 S.Ct. 162, 38 L.Ed.2d 125 (1973), arrests under statutes later held unconstitutional, *Kowall v. United States*, 53 F.R.D. 211 (W.D.Mich.1971), and arrests found to have been for the purpose of harassment only, *United States v. McLeod*, 385 F.2d 734, 749–50 (5th Cir. 1967).

*Geary v. United States*, 901 F.2d 679, 680 (8th Cir.1990).

Janik's situation is not akin to any of these circumstances. He was not part of a mass arrest; the statute under which he was arrested is still constitutional; his arrest was not for the purpose of harassment; the police did not misuse his records to his detriment; and finally, there is no claim of inaccuracy or alteration. In fact, as the government's response argues, Janik's case is similar to cases where the courts have refused to expunge records. *See Smith*, 940 F.2d at 396 (defendant had "otherwise clean background" and a good purpose for seeking expunction—to reenlist in the United States Army Reserves); *United States v. Bagley*, 899 F.2d 707 (8th Cir.) *cert. denied*, — U.S. —, 111 S.Ct. 343, 112 L.Ed.2d 307 (1990). The Fifth Circuit has held that the district court could not expunge records under circumstances stronger than Janik's case: where the defendant's conviction was overturned on

constitutional grounds. *Rogers v. Slaughter*, 469 F.2d 1084 (5th Cir.1972).

Courts must balance the government's need to maintain records to aid law enforcement with the harm to the individual of maintaining such records. The court in *Doe v. Webster* articulated the government's need:

> The government does, however, have a legitimate need for maintaining criminal records in order to efficiently conduct future criminal investigations. Law enforcement authorities have an interest in knowing, for example, that a definite suspect in a crime under investigation had previously been arrested or convicted, especially if for a similar offense. Likewise, police investigators will be greatly assisted if they are able to check whether persons residing or having been observed at the sites of an offense involving a particular modus operandi had previously been arrested or convicted for an offense involving the same modus operandi.

*Doe v. Webster*, 606 F.2d 1226, 1243 (D.C.Cir.1979).

The government correctly argues that Janik fails to show any extreme or unusual factors in his case which could outweigh the government's need to maintain records. Having no other criminal record is not considered an extraordinary circumstance. *See Smith*, 940 F.2d at 395–96. Leading an exemplary life is not enough to grant expungement.

In addition, Janik fails to show any actual harm resulting from his record; he only "fears" that he might be rejected if he applies for certain jobs. In fact, he has been employed by the Illinois Department of Public Aid which indicates that he is not barred from civilian employment with local governments. Anticipated harm is not enough for expungement. *See Smith*, 940 F.2d at 396 (defendant feared he could not reenlist in the Army Reserve due to his record); *see also Allen v. Webster*, 742 F.2d 153 (4th Cir.1984) (the court affirmed the denial of expungement even where the defendant showed that he was actually harmed by his criminal record; he was rejected for federal employment).

In support of his motion for expungement, Janik cites *Diamond v. United States*, 649 F.2d 496 (7th Cir.1981). *Diamond* is no longer controlling after *Scruggs*. *Diamond*, like *Scruggs* was a civil suit asking the court to order expunction of records. The district court dismissed the complaint for failure to state a claim and the Seventh Circuit reversed holding that the defendant should be given an opportunity to prove why he was entitled to expunction. Procedurally, the present motion is brought under the original criminal case filed following the indictment in 1981.

Janik also argues that because the United States did not reindict him, he should be presumed innocent and granted expungement. Courts have rejected this argument. In *Scruggs*, the jury acquitted the defendant and the court refused to expunge this record stating that "acquittal does not establish the lack of probable cause; the prosecution's high burden of persuasion means that even some guilty persons will be found not guilty, and 'probable cause' is a lower threshold than actual guilt." *Scruggs*, 929 F.2d at 307; *see also Bagley*, 899 F.2d at 708 (government did not concede innocence in dismissing the indictment); *United States v. Schnitzer*, 567 F.2d 536, 540 (2d Cir.1977) (in dismissing the indictment, the government does not concede the innocence of the defendant; prosecution believed that it could not establish guilt beyond a reasonable doubt), *cert. denied*, 435 U.S. 907, 98 S.Ct. 1456, 55 L.Ed.2d 499 (1978); *United States v. Linn*, 513 F.2d 925, 928 (10th Cir.) (acquittal means that the government had not proven guilty beyond a reasonable doubt), *cert. denied*, 423 U.S. 836, 96 S.Ct. 63, 46 L.Ed.2d 55 (1975).

In the present case, Janik was not acquitted of the crime. Janik's conviction merely violated the Speedy Trial Act. While employed as a law enforcement officer (a Cook County deputy sheriff) and assigned as a bailiff in the court division, Janik acquired and possessed two lethal and un-

registered firearms—a sawed-off shotgun and a submachine gun which the defendant admitted firing. He bought them from a man he knew to have been a burglar. The Seventh Circuit found that Janik was guilty beyond a reasonable doubt. Thus the record Janik seeks to expunge accurately reflects what happened in his case and the Department of Justice is required by statute (28 U.S.C. § 534) to keep criminal records and make them available to law enforcement agencies.

Additionally, records of cases are of significance under the Sentencing Reform Act of 1984 (Title II of the Comprehensive Crime Control Act of 1984). Pursuant to the Act the court must select a sentence under guidelines which include historical facts. Felony possession of weapons would be arguably relevant. In the past and under the present sentencing guidelines, judges may consider the past activities and character of a defendant in making sentencing decisions. *Roberts v. United States*, 445 U.S. 552, 100 S.Ct. 1358, 63 L.Ed.2d 622 (1980). The Seventh Circuit has held that judges may take other crimes into account when selecting a sentence under the guidelines, even if the defendant has been acquitted of those crimes. *United States v. Lawrence*, 934 F.2d 868, 873–74 (7th Cir.), *cert. denied*, — U.S. —, 112 S.Ct. 372, 116 L.Ed.2d 323 (1991). This is appropriate because an acquittal merely means that the charge was not proven beyond a reasonable doubt; it does not mean that the defendant did not commit the crime. *Dowling v. United States*, 493 U.S. 342, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990). Although a divided panel of the Ninth Circuit has forbidden district judges to consider conduct of which a person has been acquitted, *United States v. Brady*, 928 F.2d 844 (9th Cir.1991), the Seventh Circuit disagrees with that court's conclusion. *United States v. Smith*, 953 F.2d 1060, 1066 (7th Cir.1992). Accordingly, the activities and character of the petitioner may be relevant in future sentencing decisions even though he has not been convicted.

By way of his reply to the government's response, a second issue of expungement is raised. Janik states specifically that Janik was never arrested by any federal law enforcement agency, and is not seeking that any agency destroy records of its own activities. Janik adds that the FBI obtained his fingerprints after the United States Marshal's office took fingerprints pursuant to the setting of bond by the court, and that his records originated with the court and grand jury, neither of which is an "agency" under the Privacy Act, 5 U.S.C. § 552a(f), and the Privacy Act does not apply to records of "the courts of the United States," 5 U.S.C. § 551(1)(B), *Standley v. Department of Justice*, 835 F.2d 216, 218 (9th Cir.1987). Although both Janik and the government discuss the Privacy Act, the court declines to decide any issues related to the Privacy Act because this motion is not brought pursuant to it. The expunction of records under the Privacy Act is not before the Court.

Regarding the second part of the motion, even assuming there is jurisdiction, the movant has made no reasonable case for this court to expunge, remove, or destroy records characterized by Janik as "records originated with the court and grand jury." Carried to its extreme, the motion would require that the appellate court also destroy its records. Additionally, the movant is protected regarding disclosure and secrecy by Rule 6 of the Federal Rules of Criminal Procedure regarding grand jury proceedings. Last, for the same reasons stated above demonstrating the importance of maintaining records of the past activities and character of criminal defendants for purposes of the present sentencing guidelines, it is unwise to expunge records originating with the court.

CONCLUSION

For all of the reasons above, the defendant's motion to expunge records of the executive branch of the government is denied for lack of jurisdiction. The defendant's motion to expunge records of the judicial branch is denied.

IT IS ORDERED.