**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Mitchell S. JANIK, Defendant–Appellant.**

**No. 92–3881.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 23, 1993.

Decided Nov. 24, 1993.

Rehearing and Suggestion for Rehearing En Banc Denied Feb. 4, 1994.

Matthew R. Bettenhausen, Asst. U.S. Atty. (argued), Crim. Div., Barry R. Elden, Asst. U.S. Atty., Crim. Receiving, Appellate Div., Chicago, IL, for U.S.

Kimberly A. Sutherland (argued), Chicago, IL, for Mitchell S. Janik.

Before BAUER, CUDAHY, and ROVNER, Circuit Judges.

BAUER, Circuit Judge.

In 1983, Mitchell Janik was convicted of the unlawful possession of two unregistered guns in violation of 26 U.S.C. § 5861(d). We reversed Janik's conviction because the conviction was obtained in violation of the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq. United States v. Janik,* 723 F.2d 537 (7th Cir.1983). The case was remanded to the district court. On June 19, 1984, the district court dismissed the indictment without prejudice. Over eight years later, on July 29, 1992, Janik filed a motion for expungement of records in the district court. The district

court denied Janik's motion. Janik appeals. We affirm.

## I.

The facts surrounding Janik's conviction are set out in our opinion in *Janik* and we will review only those relevant to Janik's motion for expungement. In 1981, the police arrested Janik because they suspected that he possessed a stolen gun. The state brought charges against Janik, but later dropped them and did not prosecute him. The story, obviously, does not end there. On October 27, 1981, Janik was indicted on federal charges. The district court conducted a bench trial on January 18, 1983 and found Janik guilty. The court sentenced Janik to eight months in prison for possession of a submachine gun, five years probation, and a fine of $2,000 for possession of a sawed-off shotgun. We held that the district court committed reversible error when it denied Janik's motion to dismiss the indictment for violation of the Speedy Trial Act. *Janik*, 723 F.2d at 549. We also held that there was enough evidence to convict Janik beyond a reasonable doubt of possessing the unregistered guns. *Id.* The government elected not to prosecute Janik again and the district court dismissed the indictment. Eight years later, Janik filed his motion for expungement, which the district court denied. 804 F.Supp. 1065.

## II.

We must, as an initial matter, satisfy ourselves both of our own jurisdiction and the jurisdiction of the district court. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986); *Stearnes v. Baur's Opera House, Inc.*, 3 F.3d 1142, 1144 (7th Cir.1993). Our jurisdiction is limited and is established by Article III of the Constitution and by statutes enacted by Congress pursuant to the Constitution. *Bender*, 475 U.S. at 541, 106 S.Ct. at 1331; *Abercrombie v. Office of*

*Comptroller of Currency*, 833 F.2d 672, 674 (7th Cir.1987). Created by these written laws, federal courts, including ourselves, "disclaim all jurisdiction not given by the constitution or by the laws of the United States." *Ex Parte Bollman*, 8 U.S. (4 Cranch) 75, 93, 2 L.Ed. 554 (1807).

We must ask, then, what provision of the Constitution or what statute gives us jurisdiction to decide this case? First, there is nothing in the Constitution that provides jurisdiction to grant or deny motions for expungement. Certainly, the Constitution does not prohibit the government from maintaining what are admittedly accurate records of Janik's indictment and conviction. *Scruggs v. United States*, 929 F.2d 305, 306 (7th Cir.1991).

What federal statute, then, authorizes expunction? In his jurisdictional statement, Janik cites 18 U.S.C. § 3231 as providing the district court with jurisdiction. Appellant's Br. at 1. Section 3231 provides, in pertinent part, that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. The gist of Janik's argument is that jurisdiction properly exists because the district court had jurisdiction over his underlying criminal case pursuant to Section 3231. That is too far a stretch for us to make.

Section 3231, as the statute itself plainly says, vests the district court with original jurisdiction over all offenses against the laws of the United States. *United States v. Koliboski*, 732 F.2d 1328, 1329 (7th Cir.1984). It does not vest federal district courts with authority to invade the Executive Branch of government, in particular the Attorney General and, through her, the FBI. In fact, the Attorney General is *required* by at least one statute, 28 U.S.C. § 534, to collect criminal records and make them available to state and local law enforcement agencies.[1] *Scruggs*, 929 F.2d at 306.

---

1. Section 534 provides in relevant part:

    (a) The Attorney General shall—

      (1) acquire, collect, classify, and preserve identification, criminal identification, crime, and other records

         \*     \*     \*     \*     \*     \*

      (4) exchange such records and information

Two of our prior decisions, *Scruggs* and *Diamond v. United States*, 649 F.2d 496 (7th Cir.1981), considered expungement. *Scruggs* and *Diamond* have produced some confusion as to our jurisdiction. In *Scruggs*, our most recent pronouncement on the issue, a jury found Aaron Scruggs not guilty of being a felon in possession of a firearm. Eight years later, Scruggs asked the district court to expunge his arrest record. We asked there, as we do here, "[w]hat *is* the basis of this suit?" *Id.* at 305. The Privacy Act, which authorizes any person to sue to amend records the federal government maintains about that person, was a possibility, but that statute limits the judicial role to ensuring that agency records are accurate, relevant, timely, and complete. *Scruggs*, 929 F.2d at 306 (citing 5 U.S.C. § 552a(g)(1)(C)). We also considered and rejected the notion that our "inherent" powers authorize federal courts to supervise the behavior of the Executive Branch of government. *Id.* at 306. Finally, we concluded that Scruggs did not qualify for relief under any approach. *Id.* at 307.

In *Diamond*, John George Diamond filed a complaint that asked the district court to order the government to expunge its records of Diamond's indictment and arrest. The district court dismissed the complaint. We reversed and held that "[i]f the dangers of unwarranted adverse consequences to the individual outweigh the public interest in maintenance of the records, then expunction is appropriate." *Id.* at 499. We did not consider the jurisdictional issue that we later raised in *Scruggs*.

■ *Diamond* and *Scruggs* have produced confusion because *Scruggs* suggests, though it does not hold, that federal courts are without jurisdiction to order any Executive Branch agency, typically the FBI, to expunge records, while *Diamond* completely overlooks the issue of jurisdiction. We resolve that confusion in this case by holding that federal courts are without jurisdiction to order an Executive Branch agency to expunge what are admittedly accurate records of a person's indictment and conviction. We are without statutory or constitutional authority to hold otherwise. In fact, in Section 534, Congress suggested the opposite—that is, in favor of *requiring* the Executive Branch to maintain accurate records of such convictions.

■ As we observed in *Scruggs*, our "inherent" power extends to the management of *judicial* business. *Scruggs*, 929 F.2d at 306. In this case, Janik asked the district court to order the "United States and its agencies" to expunge all records of his arrest, indictment, and court proceedings. R. Docs. 105 & 108. Janik's brief says that he is seeking to expunge or restrict dissemination of records of "an agency resulting from an indictment that originated with the court." Appellant's Br. at 8. The district court interpreted Janik's request as a motion to expunge the records of both the Executive and Judicial Branches. The district court decided that it had jurisdiction over records maintained by the Judicial Branch. After reviewing the record, it is not entirely clear to us that Janik is asking for expungement of judicial records, whatever those might be. To the extent that he does ask for expungement of judicial records, we agree with the district court.

■ We apply the test we set out in *Diamond* to Janik's motion for expunction of judicial records. As we have said, *Diamond* set forth a balance: if the dangers of unwarranted adverse consequences to the individual outweigh the public interest in maintenance of the records, then expunction is appropriate. *Diamond*, 649 F.2d at 499. Here, unlike those seeking expungement in both *Scruggs* and *Diamond*, Janik was indicted and convicted of a crime. We reversed his conviction but, even in doing that, noted that there was enough evidence to convict Janik beyond a reasonable doubt. Janik's interest, as he describes it, amounts to a personal fear that he will not obtain promotions in the United States Army Reserves and that he will be rejected from civilian employment with various municipal and county employers because of their prac-

with, and for the official use of, authorized officials of the Federal Government, the States, cities, and penal and other institutions.

28 U.S.C. § 534(a).

tice of fingerprinting applicants for all positions. He stated in an affidavit that he was rejected for employment with the Cook County Metropolitan Sanitary District because of the record of his indictment. All of this may be true but, again, *Scruggs* is instructional. The jury in that case found Scruggs not guilty, yet Scruggs was not entitled to expungement under any approach. Here, Janik *was* found guilty, but his conviction was reversed due to a violation of the Speedy Trial Act. Janik's case presents a stronger reason for denying the relief sought than Aaron Scruggs did in *Scruggs*. We denied relief in *Scruggs* and, accordingly, we deny the requested relief here.

### III.

To obtain expungement of records maintained by the FBI or any other Executive Branch agency, Janik (or anyone else) must go directly to the Executive Branch. If the Executive Branch refuses, Congress can act to confer jurisdiction on the federal courts. Congress has not so acted and we hold that we are without jurisdiction to order any Executive Branch agency to expunge Janik's records. We also hold that, on the merits, the district court properly denied Janik's motion for expungement of the records maintained by the Judicial Branch.

The district court's opinion is in all respects

AFFIRMED.

CUDAHY, Circuit Judge, concurring in part and dissenting in part.

With respect to the jurisdictional point, I think that *Diamond v. United States,* 649 F.2d 496 (7th Cir.1981), supports the exercise of jurisdiction. *Id.* at 499 (establishing a case-by-case balancing approach whereby, "[i]f the dangers of unwarranted adverse consequences to the individual outweigh the public interest in maintenance of the records, then expunction is appropriate"). Although the majority suggests that separation of powers considerations preclude judicial expungement of *agency* records, it seems to me that the relation of the federal courts to law enforcement agencies is so close as to validate

as a practical matter judicial surveillance of closely related agency files. Agency files essentially record events transpiring in the courts, with respect to which courts have a continuing interest. Practical considerations here should be of sufficient weight to override any theoretical separation of powers objections.

There is strong support in the case law for this position. *See United States v. Linn,* 513 F.2d 925, 927 (10th Cir.), *cert. denied,* 423 U.S. 836, 96 S.Ct. 63, 46 L.Ed.2d 55 (1975) ("[I]t is fairly well established ... that courts do possess the power to expunge an arrest record ..."); *see also Morrow v. District of Columbia,* 417 F.2d 728, 741 (D.C.Cir.1969) (holding that D.C. Court of General Sessions had power to issue order regarding criminal arrest record in case which has been before the court); *United States v. McLeod,* 385 F.2d 734, 750 (5th Cir.1967) (ordering the expungement of records of arrests and convictions done to intimidate citizens of Selma, Alabama and interfere with their right to vote); *United States v. Seasholtz,* 376 F.Supp. 1288, 1289 (N.D.Okla.1974) ("There is authority that Federal Courts have equity power to expunge arrest records of individuals in extraordinary or extreme circumstances ... where justice requires."); *United States v. Dooley,* 364 F.Supp. 75, 78 (E.D.Pa. 1973) ("[T]he Federal Court does have the power to enter an order expunging arrest records of individuals who are arrested without probable cause, or for purposes of harassment, and in extraordinary circumstances where justice requires.") (citations omitted); *United States v. Rosen,* 343 F.Supp. 804, 809 (S.D.N.Y.1972) ("[I]f law enforcement officials clearly abuse their discretion in the use of retained arrest records and other materials of identification, then the court might well order the return of such records or restrain such use."); *United States v. Kalish,* 271 F.Supp. 968, 971 (D.P.R.1967) (ordering destruction of agency arrest records of movant who refused to submit to induction into the armed services where the movant surrendered voluntarily and challenged statute on advice of counsel).

Further, so far as I am aware, there is nothing in this court's cases to the contrary

except *Scruggs v. United States,* 929 F.2d 305, 307 (7th Cir.1991), and the discussion of jurisdiction in that case appears to be dictum. *Id.* (concluding that acquitted movant would not deserve expungement based on Constitution or statute suggested by court because he "has the proverbial record as long as an arm"). Given that no clear authority seems to require this court to disclaim jurisdiction in this case, as the majority holds, I think that the separation of powers approach unnecessarily ties the courts' hands. For the above cases suggest that judicial intervention has been beneficial at least in extreme cases.

On the other hand, the case before us does not present a strong case in justice and equity for expungement. In weighing the governmental interest in keeping accurate records for general law enforcement purposes against Janik's privacy interest, it is not clear how Janik could prevail. Hence, although I believe we have the power to expunge in appropriate cases, this does not seem to be such a case. I therefore dissent as to the jurisdictional point only.