129 F.3d 1268
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
U.S. v. Newman
v.
UNITED STATES of America, Plaintiff-Appellee,
 Nos. 96-3207, 97-1202.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 2, 1997.*
Decided Nov. 10, 1997.
Rehearing and Suggestion for Rehearing En Banc Denied April 29, 1998.
 
 1
 Before Hon. CUDAHY, Circuit Judge Hon. FLAUM, Circuit Judge Hon. MIHM, Chief District Judge**
 
 ORDER
 
 2
 In June of 1991, a federal jury in the Northern District of Indiana, South Bend Division found Emanuel T. Newman ("Newman") guilty of conspiracy to Distribute Cocaine, Possession with Intent to Distribute Cocaine, Money Laundering, and Interstate Travel in Aid of Racketeering. The jury also found his three co-defendants guilty as charged. On appeal, Newman and his co-defendants raised more than ten challenges to their convictions, which we affirmed in an unpublished decision on October 5, 1993. United States v. Newman, 9 F.3d 113 (7th Cir.1993).[1]
 
 
 3
 On December 12, 1995, Newman brought a motion for new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. Specifically, Newman contended that the prosecutor suppressed exculpatory evidence in violation of Brady v. Maryland, entitling him to a new trial based on the newly discovered evidence that Salwan Asker ("Asker"), a government witness, had given perjured testimony. In an order dated August 12, 1996, the district court denied the motion for a new trial without holding an evidentiary hearing. On August 30, 1996, Newman filed a notice of appeal from the denial of his Rule 33 motion, bringing this case before us once again.
 
 
 4
 Despite having filed his Notice of Appeal, Newman filed a Motion to Stay Appeal Pending Outcome of Motion for Reconsideration in the district court on September 5, 1996. The district court denied this motion on January 3, 1997. On January 21, 1997, Newman filed a Notice of Appeal with respect to the Motion for Reconsideration. We ordered the two appeals consolidated for purposes of briefing and disposition and now affirm the rulings of the district court.
 
 
 5
 Newman argues that he is entitled to a new trial based on his allegation that, subsequent to his first appeal, he became aware of certain pretrial statements by Asker which indicated that Asker had given false and perjured testimony. Specifically, in November 1989, Asker participated in two taped interviews with federal agents which formed the basis for a criminal complaint and arrest warrant for Newman, as well as a search warrant for his business premises. Those statements were made with regard to other charges then pending in the state of Michigan, which are unrelated to the charges at issue in this case. Nevertheless, Newman claims that Asker's 1989 statements regarding the details of the business relationship between the Asker and Newman were contradictory to his testimony at trial in that the 1989 statements placed Asker in the role of purchasing drugs from Newman, while Asker testified at trial that he had been Newman's supplier. Newman claims that this information, had it been presented at trial, would have undermined Asker's credibility with the jury. He contends that the government knew of this evidence prior to trial but nevertheless failed to disclose this evidence to his counsel in violation of Brady v. Maryland, 373 U.S. 83, 87 (1963).
 
 
 6
 Generally, in order to succeed on a motion for a new trial based on newly discovered evidence, a defendant must show that the new evidence: (1) came to his knowledge only after trial; (2) could not have been discovered sooner with the exercise of due diligence; (3) is material and not merely impeaching or cumulative; and (4) would likely lead to acquittal in the event of a new trial. United States v. Gonzalez, 93 F.3d 311, 315 (7th Cir.1996); Jarrett v. United States, 822 F.2d 1438, 1445 (7th Cir.1987). In cases involving the government's failure to disclose evidence favorable to the defense, the proper inquiry is "whether there is a reasonable likelihood that its nondisclosure would have affected the judgment of the jury and thus undermines confidence in the verdict." Gonzalez. 93 F.3d at 316.
 
 
 7
 In his Rule 33 motion, Newman failed to persuade the district court that Asker gave false testimony. Rather, the district court correctly observed that the newly discovered evidence, at best, demonstrated only inconsistencies or discrepancies in Asker's testimony. The district court then concluded that the merely impeaching evidence was insufficient to warrant a new trial under United States v. Reed, 2 F.3d 1441, 1451 (7th Cir.1993), cert. denied, 510 U.S. 1079 (1994). Based on the fact that Newman had been aware of much of the "newly discovered information" since a detention hearing in 1989, the district court further found that he could not reasonably claim to have been surprised by Asker's statements and had ample opportunity to discredit the witness during cross-examination; thus, since Newman had knowledge of and access to the information, the district court determined that there had been no Brady violation. Finally, the district court concluded that in light of the overwhelming evidence presented against Newman at trial, there was no reasonable probability that the new evidence would have affected the judgment of the jury or otherwise undermined confidence in the verdict. The question of whether to grant a new trial is committed to the sound discretion of the district judge and is reviewable only for an abuse of discretion. United States v. Williams, 81 F.3d 1434, 1437 (7th Cir.1996); United States v. Knox, 68 F.3d 990, 1000 (7th Cir.1995).
 
 
 8
 The 1989 criminal complaint contained a statement by Agent Scott Lamb that the confidential informant claimed to have bought cocaine from Newman. Additionally, at Newman's detention hearing in December 1989, Agent Louis Palombella testified that he had conducted one of the 1989 interviews with Asker, during which Asker stated that he had purchased cocaine from Newman on consignment. Thus, the record demonstrates that Newman had knowledge of the substance of the "newly discovered information" prior to his trial, in that he knew that Asker was the government's confidential informant and had made statements in which he portrayed himself as the buyer with Newman as the seller. However, even assuming that Newman did not fully comprehend the extent of Asker's pretrial statements, this information is neither material nor reasonably likely to have inspired a different result when viewed in light of the totality of the record. As Newman has failed to present new evidence satisfying the standard set forth in Gonzalez and Jarrett, we now hold that the district court did not abuse its discretion in denying the Rule 33 motion and affirm the denial.
 
 
 9
 Newman also contends that the district court lacked jurisdiction over his criminal prosecution because Congress has never conferred original criminal jurisdiction on the district courts. This argument is utterly without merit.
 
 
 10
 Article III of the United States Constitution provides:
 
 
 11
 The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish.... The judicial Power shall extend to all Cases, in Law and Equity, arising under the Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority.
 
 
 12
 U.S. Const. Art. III, § 1-2. Furthermore, Title 18 U.S.C. § 3231 states that "district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States," which plainly "vests the district court with original jurisdiction over all offenses against the laws of the United States." 18 U.S.C. § 3231; United States v. Janik, 10 F.3d 470, 471 (7th Cir.1993). Here, Newman was prosecuted and convicted under clearly established federal law, including charges of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A)(I) and (2), and interstate travel in aid of racketeering in violation of 18 U.S.C. § 1952(a)(3) and (2). Thus, the district court clearly had jurisdiction over Newman's criminal proceedings, and his argument to the contrary warrants no further discussion.
 
 
 13
 Newman further asserts that the government failed to comply with this Court's September 27, 1996 direction to respond to his "Jurisdictional Statement/Challenge." However, the record clearly confirms that this assertion is incorrect. The government was directed to respond to the jurisdictional question concerning the timeliness of Newman's appeal, and the requisite response was in fact docketed on October 7, 1996. Contrary to Newman's mistaken belief, the Order of September 27, 1996 did not compel the government to respond to his other arguments regarding the federal district courts' lack of original criminal jurisdiction.[2]
 
 
 14
 Having failed to demonstrate any abuse of discretion by the district court in denying his Rule 33 motion or to raise a meritorious jurisdictional challenge, Newman cannot obtain relief from this Court. For the reasons set forth above, the district court's ruling is affirmed.
 
 
 
 *
 This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 **
 The Honorable Michael M. Mihm, Chief Judge for the Central District of Illinois, is sitting by designation
 
 
 [1]
 The facts underlying Newman's conviction are set forth in great detail in the earlier opinion and need not be restated here
 
 
 [2]
 Newman raises several other issues in his motion, including the claim that this Court in its original Opinion placed its imprimatur on the purported misconduct of the government and district court and continues to do so to date, as well as the strident assertion that only dismissal of the allegedly void judgment of the district court and the granting his immediate release will reinstate the judicial integrity of this Court. These arguments are both largely incoherent and patently frivolous, meriting no further discussion