**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0225n.06
Filed: March 24, 2009

**United States Court of Appeals**
**FOR THE SIXTH CIRCUIT**

———————

No. 07-5680

———————

| | | |
|---|---|---|
| Tammie Thompson, individually and on behalf of the Estate of Jeffrey Odell Thompson (deceased), and as parent and next friend of Destiny Machea Thompson, a minor, Erica Lynn Thompson, a minor, and Lee Austin Thompson, a minor, | * * * * * * * * | |
| Plaintiff - Appellee, | * * | On Appeal from the United States District Court for the Middle |
| v. | * * | District of Tennessee |
| Rutherford County, Tennessee, et al., | * * | |
| Defendant, | * * | |
| Rishi K. Saxena, | * * | |
| Defendant - Appellant. | * | |

Before: KEITH, GRIFFIN, and JOHN R. GIBSON,[*] Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Rishi K. Saxena appeals from the district court's denial of his motion to expunge the record

of a medical malpractice claim filed against him. We affirm the district court's denial of his motion.

_____

[*]The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation.

No. 07-5680
*Thompson v. Rutherford County, et al.*

Tammie Thompson filed a section 1983 action following her husband's death while incarcerated at the Rutherford County, Tennessee, Adult Detention Center. Thompson alleged deliberate indifference to her husband's medical needs when he did not receive his prescribed medication for a heart condition. Thompson named Dr. Saxena, a physician at the hospital where Thompson was treated, as a defendant. Dr. Saxena had seen Thompson one time for a hospital cardiology consultation but had nothing to do with Thompson's failure to receive his medication. Saxena was never served with a summons or complaint and was voluntarily dismissed from the case four months later.

Thompson and Rutherford County eventually settled the suit. Several months after that, Saxena filed a petition for an order expunging his name from the record. The petition included a proposed order, agreed to by Thompson's counsel, which would remove Saxena's name from the court's record wherever "referenced in the Court's file, including in the Complaint and in any subsequent pleadings, orders or other documents, and in the Court's electronic database." The court denied the motion without explanation, and this appeal followed.[1]

Saxena concedes that there is no federal or state authority which expressly permits or forbids expungement in this circumstance. Nevertheless, he argues that the district court abused its discretion in failing to use its equitable power to return him to the position he enjoyed before the filing of this suit. He contends that this is an extraordinary situation appropriate for expungement

---

[1]Thompson's counsel did not file a brief in opposition.

because if his name is not expunged from the record, he will be required to report Thompson's claim to his insurance company forever and the claim could affect his ability to practice medicine.

Saxena compares his entitlement to expungement in federal criminal cases which have indicated that a district court has broad equitable power to expunge a defendant's name from the record in extraordinary circumstances. *See United States v. Doe*, 556 F.2d 391, 393 (6th Cir. 1977). "If the dangers of unwarranted adverse consequences to the individual outweigh the public interest in maintenance of the records, then expungement may be appropriate." *United States v. Janik*, 10 F.3d 470, 472 (7th Cir. 1993). Following the Supreme Court's decision in *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 377-80 (1994), however, there is substantial authority that a district court has no jurisdiction to expunge records of criminal convictions based solely on equitable grounds. *See United States v. Coloian*, 480 F.3d 47, 51-52 (1st Cir. 2007) (discussing cases).

The Sixth Circuit has not addressed the jurisdictional issue, and we need not decide it here because Saxena has not come close to establishing an extraordinary circumstance. Even those courts that have recognized an equitable power to expunge have concluded that the power is one of exceedingly narrow scope, and "the balance very rarely tips in favor of expungement." *United States v. Flowers*, 389 F.3d 737, 739 (7th Cir. 2004).

Saxena's counsel conceded at oral argument that there is "no concrete proof" that Saxena has been or will be adversely affected by this malpractice claim, just that it would be illogical to rule otherwise. The possibility of an adverse employment action does not constitute a sufficient interest

to warrant expungement. *See id*. at 740; *see also Scruggs v. United States*, 929 F.2d 305, 306 (7th Cir. 1991). Although Saxena's interests are understandable, we believe they are even less compelling than those of a criminal defendant. The records of Thompson's suit accurately reflect that Saxena was named as a defendant and then voluntarily dismissed from the case.

Saxena also directs us to two Tennessee cases which he says show that Tennessee courts have granted expungement to medical doctors in similar circumstances. Saxena's argument itself demonstrates the problem in granting expungement as we have no way of confirming the circumstances of those cases. "The judicial editing of history is likely to produce a greater harm than that sought to be corrected." *Rogers v. Slaughter*, 469 F.2d 1084, 1085 (5th Cir. 1972) (per curium).

For these reasons, the district court did not abuse its discretion in denying Saxena's motion to expunge the record and we affirm the judgment of the district court.

No. 07-5680
*Thompson v. Rutherford County, et al.*

**KEITH, J., dissenting**. Based on the factual record, I can come to no other conclusion than the district court abused its discretion by failing to expunge Dr. Saxena's name from the record. The majority opinion now affirms this glaring error and undeniable injustice.

The facts at issue in this case are not in dispute. As the majority opinion outlines, Dr. Saxena only saw Thompson one time for a consultation that had nothing to do with Thompson's later failure to receive his medication. Thompson subsequently voluntarily removed Dr. Saxena from the lawsuit and Thompson's counsel later agreed to a proposed order that would remove Dr. Saxena's name from the court's record. Despite Dr. Saxena's clear lack of involvement in the matter at issue in Thompson's malpractice lawsuit, Saxena now faces the following potential damages: (1) an increase in malpractice insurance; (2) a loss of hospital privileges; and (3) a loss of HMO contracts.

While there are no federal or state civil rights cases directly on-point that permit or prohibit records from being expunged, it is clear that federal courts have the inherent authority to expunge records in appropriate circumstances. "It is within the inherent equitable powers of a federal court to order the expungement of a record in an appropriate case." *United States v. Doe*, 556 F.2d 391, 393 (6th Cir. 1977). Federal courts have often exercised this discretion in the criminal context. *See United States v. Flowers*, 389 F.3d 737, 739 (7th Cir. 2004) (stating that "district courts do have jurisdiction to expunge records maintained by the judicial branch"). It is true, as cited in the majority opinion, that following the Supreme Court's decision in *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994), several circuits, namely the First, Third, Eighth and Ninth, have found that district courts do not have ancillary jurisdiction to expunge records of criminal convictions based

solely upon equitable grounds. *See United States v. Coloian*, 480 F.3d 47, 52 (1st Cir. 2007); *United States v. Dunegan*, 251 F.3d 477, 478 (3rd Cir. 2001); *United States v. Meyer*, 439 F.3d 855, 859-60 (8th Cir. 2006); *United States v. Sumner*, 226 F.3d 1005, 1014-15 (9th Cir. 2000). Nevertheless, the Second, Seventh, Tenth and D.C. Circuits have "concluded that district courts do have ancillary jurisdiction to expunge records based on equitable considerations." *United States v. Coloian*, 480 F.3d at 51-52 (footnote omitted) (citing, but attempting to distinguish, *United States v. Flowers*, 389 F.3d 737, 739 (7th Cir. 2004); *United States v. Schnitzer*, 567 F.2d 536, 539 (2d Cir. 1977); *Livingston v. United States Dep't of Justice*, 759 F.2d 74, 78 (D.C. Cir. 1985); *United States v. Linn*, 513 F.2d 925, 927 (10th Cir. 1975)). With a circuit split and silence on this issue in our Court, the case at bar presents an extraordinary circumstance, compelling us to address this jurisdictional issue and to find that we have ancillary jurisdiction to expunge a record in an appropriate case.

In contrast, the majority opinion holds that this situation does not constitute an exceptional circumstance warranting expungement, and states that "[e]ven those courts that have recognized an equitable power to expunge have concluded that the power is one of exceedingly narrow scope, and 'the balance very rarely tips in favor of expungement.'" Op. at 3. It is hard to imagine a situation, outside of one in which a defendant was named purely by accident, that would more fittingly fall within this narrow exception. If this exception is to have any meaning at all, it must be applied here. Both parties concede that Dr. Saxena was named by accident, and that he had no part whatsoever in the circumstances at issue in the malpractice lawsuit. Therefore, to subject him to severe potential losses -- even if only potential -- and to willingly choose to forego the equitable power we have to

correct this injustice, violates the very integrity of the judicial system, and renders any "equitable power" we have farcical.

Applying a balancing test to the facts of the instant case, a method borrowed from the Seventh Circuit, demonstrates that expunging the record is appropriate here. In *Flowers*, the Seventh Circuit held in determining whether an individual's name should be expunged from the record, that the court is to review whether, "the dangers of unwarranted adverse consequences to the individual outweigh the public interest in maintenance of the records," and if so, "then expunction is appropriate." *Flowers*, 389 F.3d at 739 (citations and quotation marks omitted); *see also In re Twobears*, 2007 U.S. Dist. LEXIS 31005, at *8 (W.D. Tenn. April 26, 2007) (stating expunction is typically only an appropriate remedy "when a defendant is factually innocent *and* can demonstrate that the continued public availability of the record will cause great harm that outweighs the public and governmental interest in maintaining the record.") (emphasis in original). In this case, Dr. Saxena faces serious consequences to his professional well-being as a result of the district court's and our Court's refusal to expunge his name from the record. In contrast, there is no harm to the plaintiff, who agrees that Dr. Saxena's name should be expunged. Additionally, the government has not cited any legitimate reason why it needs to maintain information about Dr. Saxena, a mistakenly named individual, in this lawsuit. This is a much easier case than many presented in the criminal context where expungement has been allowed. The hard cases are those in which the defendant seeks expungement because he or she has been rehabilitated and wants a fresh start. *See Flowers*, 389 F.3d at 738. Here, we have an individual wholly and unequivocally without fault.

Additionally, even if we were to concede that the majority's fear about judicial editing was legitimate, any such negative consequences could be easily mitigated. By merely omitting Dr. Saxena's name but retaining the essential facts of the case on the record, we can prevent a mistakenly named party from suffering potentially debilitating consequences to his professional well-being, while allowing the judicial branch to maintain what may be considered critical information. *Doe*, 556 F.2d at 393.

Why should this man be penalized for a mistake made by others? Accordingly, because this an extraordinary case where both parties concede that Dr. Saxena was named by accident, I would reverse the district court's decision and grant Dr. Saxena's motion to have his name expunged from the record.