JOHN R. GIBSON, Circuit Judge.
Rishi K. Saxena appeals from the district court’s denial of his motion to expunge the record of a medical malpractice claim filed against him. We affirm the district court’s denial of his motion.
Tammie Thompson filed a section 1983 action following her husband’s death while incarcerated at the Rutherford County, Tennessee, Adult Detention Center. Thompson alleged deliberate indifference to her husband’s medical needs when he did not receive his prescribed medication for a heart condition. Thompson named Dr. Saxena, a physician at the hospital where Thompson was treated, as a defendant. Dr. Saxena had seen Thompson one time for a hospital cardiology consultation but had nothing to do with Thompson’s failure to receive his medication. Saxena was never served with a summons or complaint and was voluntarily dismissed from the case four months later.
Thompson and Rutherford County eventually settled the suit. Several months after that, Saxena filed a petition for an order expunging his name from the record. The petition included a proposed order, agreed to by Thompson’s counsel, which would remove Saxena’s name from the court’s record wherever “referenced in the Court’s file, including in the Complaint and in any subsequent pleadings, orders or other documents, and in the Court’s electronic database.” The court denied the motion without explanation, and this appeal followed.[1]
Saxena concedes that there is no federal or state authority which expressly permits or forbids expungement in this circumstance. Nevertheless, he argues that the district court abused its discretion in failing to use its equitable power to return him to the position he enjoyed before the filing of this suit. He contends that this is an extraordinary situation appropriate for expungement because if his name is not expunged from the record, he will be required to report Thompson’s claim to his insurance company forever and the claim could affect his ability to practice medicine.
Saxena compares his entitlement to ex-pungement in federal criminal cases which have indicated that a district court has broad equitable power to expunge a defendant’s name from the record in extraordinary circumstances. See United States v. Doe, 556 F.2d 391, 393 (6th Cir.1977). “If the dangers of unwarranted adverse consequences to the individual outweigh the public interest in maintenance of the records, then expungement may be appropriate.” United States v. Janik, 10 F.3d 470, 472 (7th Cir.1993). Following the Supreme Court’s decision in Kokkonen v. Guardian Life Insurance Company of America, 511 U.S. 375, 377-80, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), however, there is substantial authority that a district court has no jurisdiction to expunge records of criminal convictions based solely on equitable grounds. See United States v. Coloian, 480 F.3d 47, 51-52 (1st Cir.2007) (discussing cases).
The Sixth Circuit has not addressed the jurisdictional issue, and we need not decide it here because Saxena has not come close *389 to establishing an extraordinary circumstance. Even those courts that have recognized an equitable power to expunge have concluded that the power is one of exceedingly narrow scope, and “the balance very rarely tips in favor of expungement.” United States v. Flowers, 389 F.3d 737, 739 (7th Cir.2004).
Saxena’s counsel conceded at oral argument that there is “no concrete proof’ that Saxena has been or will be adversely affected by this malpractice claim, just that it would be illogical to rule otherwise. The possibility of an adverse employment action does not constitute a sufficient interest to warrant expungement. See id. at 740; see also Scruggs v. United States, 929 F.2d 305, 306 (7th Cir.1991). Although Saxena’s interests are understandable, we believe they are even less compelling than those of a criminal defendant. The records of Thompson’s suit accurately reflect that Saxena was named as a defendant and then voluntarily dismissed from the case.
Saxena also directs us to two Tennessee cases which he says show that Tennessee courts have granted expungement to medical doctors in similar circumstances. Sax-ena’s argument itself demonstrates the problem in granting expungement as we have no way of confirming the circumstances of those eases. “The judicial editing of history is likely to produce a greater harm than that sought to be corrected.” Rogers v. Slaughter, 469 F.2d 1084, 1085 (5th Cir.1972) (per curiam).
For these reasons, the district court did not abuse its discretion in denying Saxe-na’s motion to expunge the record and we affirm the judgment of the district court.

. Thompson’s counsel did not file a brief in opposition.