**UNITED STATES of America, Plaintiff–Appellant,**

v.

**James P. SMITH, Defendant–Appellee.**

**No. 90–50496.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 3, 1991.

Memorandum June 18, 1991.

Order and Opinion Aug. 2, 1991.

Stephen A. Mansfield, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellant.

Maxwell S. Keith, Los Angeles, Cal., for defendant-appellee.

Before FLETCHER, CANBY, and BOOCHEVER, Circuit Judges.

### ORDER

The memorandum disposition in the above-entitled case filed June 18, 1991 is amended and redesignated a per curiam opinion.

### OPINION

PER CURIAM:

The United States appeals an order of the district court expunging James P. Smith's criminal record. The district court believed that under its inherent equitable powers it could expunge all record of Smith's felony convictions, without any finding or allegation that the convictions were unconstitutional or in violation of statutory authority. The court relied on Smith's "otherwise clean background," the relatively minor nature of his offenses, his

successful completion of the five-year probationary term imposed for those convictions, and his laudable purpose for seeking the expunction—to reenlist in the United States Army Reserves during the Persian Gulf War.[1] 745 F.Supp. 1553.

Here, there was no statutory authority for the district court's expunction order. Instead, the court assumed that among its inherent powers was that of expunction of criminal convictions in appropriate cases. Indeed, we have sanctioned the remedy of expunction of criminal records in civil rights cases involving unconstitutional state convictions. *See, e.g., Maurer v. Los Angeles County Sheriff's Dept.*, 691 F.2d 434, 437 (9th Cir.1982) ("It is well settled that the federal courts have inherent equitable power to order 'the expungement of local arrest records as an appropriate remedy in the wake of police action in violation of constitutional rights.' "); *Shipp v. Todd*, 568 F.2d 133, 134 (9th Cir.1978) (per curiam) (where civil rights plaintiff sought expunction of conviction obtained without due process, we noted that " 'federal courts have inherent power to expunge criminal records when necessary to preserve basic legal rights.' ") (citation omitted). We assume for purposes of our decision that district courts have the same power over federal convictions. *See, e.g., United States v. Sweeney*, 914 F.2d 1260, 1264 (9th Cir.1990) (assuming, without deciding, that inherent expunction power over federal convictions exists); *United States v. G.*, 774 F.2d 1392, 1394 (9th Cir.1985) (same).

Courts which have recognized an equitable power to expunge have unanimously observed that it is a narrow power, appropriately used only in extreme circumstances. *See, e.g., Geary v. United States*, 901 F.2d 679 (8th Cir.1990) (a federal court may exercise its inherent equitable powers to order expungement only where the case presents "extraordinary circumstances"); *United States v. Friesen*, 853 F.2d 816, 817

(10th Cir.1988) (recognizing " 'narrow' power to order expunction"); *Allen v. Webster*, 742 F.2d 153, 155 (4th Cir.1984) (acquittee seeking expunction was not entitled to it absent "exceptional circumstances"); *United States v. Schnitzer*, 567 F.2d 536, 539 (2d Cir.1977), *cert. denied*, 435 U.S. 907, 98 S.Ct. 1456, 55 L.Ed.2d 499 (1978) (expungement granted only in "extreme circumstances"); *Menard v. Saxbe*, 498 F.2d 1017, 1021 (D.C.Cir.1974) ("expungement ... exists to vindicate substantial rights").

In this case, we are presented with none of the recognized circumstances supporting expunction. There is no suggestion that Smith's arrest or conviction was in any way unlawful or invalid, or that the government engaged in any sort of misconduct. Nor are we presented with any other factor which could outweigh the government's interest in maintaining criminal records. The harms alleged by Smith and noted by the district court, including disbarment and a possible prohibition against reenlistment, are not unusual or unwarranted. Instead, they are the natural and intended collateral consequences of having been convicted. Were we to deem them sufficient to outweigh the government's interest in maintaining criminal records, expunction would no longer be the narrow, extraordinary exception, but a generally available remedy. Therefore, we must vacate the order of expunction.

ORDER VACATED.

---

1. The government notes that Smith never showed he was prohibited from reenlistment because of his prior convictions. Indeed, it contends that in all likelihood Smith would have been allowed to reenlist without any expunction.