UNITED STATES of America,
Plaintiff–Appellee,

v.

Arloha Mae PINTO, Defendant–Appellant.

No. 92–3435.

United States Court of Appeals,
Tenth Circuit.

July 27, 1993.

Arloha Mae Pinto, pro se.

Jackie N. Williams, U.S. Atty., and Linda L. Sybrant, Sp. Asst. U.S. Atty., Kansas City, MO, for plaintiff-appellee.

Before McKAY, Chief Judge, SETH and BARRETT, Circuit Judges.

McKAY, Chief Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Defendant was convicted in 1986 of conspiracy to defraud the United States and filing a false tax return. This court affirmed. *United States v. Pinto,* 838 F.2d 426 (10th Cir.1988). After serving her three year sentence, Defendant found that her status as a convicted felon disrupted many aspects of her life, such as preventing her from helping at her daughter's liquor store. She brought a motion in the district court to expunge her

conviction, claiming she had been punished enough. The district court denied relief, and Defendant appeals.

## I

■ As an initial matter, we must inquire into our jurisdiction to hear this appeal. Defendant's notice of appeal was filed before the 60 days required in a civil case involving the government under Fed.R.App.P. 4(a), but after the 10 days required in a criminal case under Fed.R.App.P. 4(b). The government argues that this is a criminal case, and that the notice of appeal was therefore filed out-of-time, divesting this court of jurisdiction.

■ Because Defendant brings this motion pro se, we view her papers liberally. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991). The record on appeal refers to her papers as a "petition," and do not specify whether they were brought as a post-conviction proceeding under 28 U.S.C. § 2255 (1988), as a writ of error *coram nobis,* or as a motion in the original criminal case. While the case was given its original criminal docket number, the fact that this action was brought *pro se* leads us to construe the petition as an action under § 2255 or as a writ of error *coram nobis.* In either case, the 60 day civil appeals period applies. *See United States v. Craig,* 907 F.2d 653, 657 (7th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2013, 114 L.Ed.2d 100 (1991). Accordingly, we are satisfied that we have appellate jurisdiction.

## II

■ On the merits of this dispute, we agree with the trial court's conclusion that it was without power to grant this petition. As an initial matter, "there was no statutory authority for the district court's expunction order." *United States v. Smith,* 940 F.2d 395, 396 (9th Cir.1991).[1] Rather, any author-

ity to order expungement must stem from the inherent equitable powers of the court. *See id.* We have stated that, in extreme circumstances, an arrest record may be expunged after dismissal of the charges or acquittal. *See United States v. Friesen,* 853 F.2d 816, 817 (10th Cir.1988). However, there is a large difference between expunging the arrest record of a presumably innocent person, and expunging the conviction of a person adjudged as guilty in a court of law.

■ The case law does support the notion that when a conviction is somehow invalidated, such as by a finding that it was unconstitutional, illegal, or obtained through government misconduct, a federal court may, in appropriate cases, grant expungement. *See Bromley v. Crisp,* 561 F.2d 1351, 1364 (10th Cir.1977) (federal courts have power to order expungement of a conviction on habeas corpus review); *see also Smith,* 940 F.2d at 396 (collecting cases); *United States v. Travers,* 514 F.2d 1171 (2d Cir.1974) (granting expungement of a federal conviction after the Supreme Court rejected statutory interpretation under which the conviction was affirmed; the court concluded that the defendant's actions simply were not illegal). We therefore conclude that federal courts may, in extreme cases, expunge a federal conviction that has, in some manner, been invalidated.

■ On this record, however, there is no allegation that the conviction was in any way improper. The sole contention is that Defendant has been punished enough, and that the presence of the conviction is unjustly interfering with her efforts to rebuild her life. Accordingly, we hold that the trial court was without power to expunge this conviction. As the Ninth Circuit has explained, "The harms alleged [by Defendant] ... are not unusual or unwarranted. Instead, they are the natural and intended collateral conse-

---

1. The only statutory authority to expunge convictions is found at 21 U.S.C. § 844(b)(1) (1988) and 18 U.S.C. § 3607 (1988), both of which apply to first-time drug offenders. The only case which suggests a statutory grant of the power of expungement is *United States v. Bohr,* 406 F.Supp. 1218, 1219 (E.D.Wisc.1976), which suggests that such authority can be gleaned from the All Writs Act, 28 U.S.C. § 1651 (1988). While we agree

that the All Writs Act plays a part in enabling the court to issue the writs of error coram nobis and the writs of mandamus necessary to accomplish an actual expungement, we believe that the authority to consider the issue in the first place is not contained in that Act. Rather, if it exists at all, it is a function of the inherent equitable power of the court.

quences of having been convicted." *Smith*, 940 F.2d at 396.

Defendant argues that it was improper to deny her petition without holding a hearing. This argument misses the point. Absent an allegation that the conviction was somehow invalid, Defendant's arguments that she had been punished enough are simply insufficient as a matter of law.

The judgment is **AFFIRMED.**