**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**MAR 17 1999**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARK JOSHUA BAILEY,

    Defendant - Appellant.

No. 98-3089

(D.C. No. 96-CR-40063-SAC)

(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-Appellant Mark Joshua Bailey appeals from his conviction for possession with intent to distribute cocaine base. Defendant's sole argument is that he was deprived of his Sixth Amendment right to effective assistance of

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

counsel due to his counsel's failure to (1) obtain a sample of the drugs seized in connection with Defendant's arrest for independent laboratory testing; (2) challenge the chain of custody of the drugs; (3) challenge the issuance of the search warrant; and (4) interview and obtain the testimony of certain defense witnesses.

After the execution of a search warrant for the premises and occupants of 1201 S.W. Western, Topeka, Kansas, Defendant was charged on August 28, 1997, with one count of possession with intent to distribute 14.32 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1).[1] The jury returned a guilty verdict on October 8, 1997, after a two-day trial. At trial, Defendant was represented by Charles Dedmon, Assistant Federal Public Defender for Kansas.

Before Defendant was sentenced, he sent a letter to the district court informing the court of his dissatisfaction with the assistance provided to him by Mr. Dedmon and the Federal Public Defender's office. The Federal Public Defender's office then filed a motion to withdraw as counsel. The court granted the motion and appointed new counsel on January 26, 1998. In response to Defendant's letter, the clerk of the court sent Defendant the forms for filing a 28 U.S.C. § 2255 motion. Proceeding pro se, Defendant filed a section 2255

---

[1]Although Defendant was charged with an additional count under 21 U.S.C. § 841(a)(1) in a superceding indictment, the district court later dismissed this count without prejudice pursuant to the government's motion.

motion on December 17, 1997. In his motion, Defendant alleged that he received ineffective assistance of counsel because Mr. Dedmon "failed, refused and neglected to conduct any interviews with individuals who had relevant testimony favorable to the accused on the issue of guilt." R., Vol. 1, Doc. 77 at 6. In particular, Defendant complained that Mr. Dedmon did not interview "one Mike Bowser who could have established that Movant was not present at the time the confidential informant claimed to have purchased drugs from 'some one,'" id., and that Mr. Dedmon failed to interview the confidential informant, whose identity was known to Mr. Dedmon. In addition, Defendant alleged that Mr. Dedmon failed to obtain a sample of the seized drugs for independent laboratory testing and failed to challenge the chain of custody of the drugs offered in evidence by the prosecution. Finally, Defendant alleged that Mr. Dedmon did not challenge the search warrant even though Defendant had requested him to do so because the evidence was insufficient to establish probable cause. Defendant attributed his counsel's failings to the excessive work load with which the Federal Public Defender's office is burdened.

Because Defendant had not yet been sentenced when he filed his section 2255 motion, the district court held the motion under advisement until it sentenced Defendant to a term of 120 months on March 20, 1998. The district court then addressed the merits of Defendant's motion and denied it, finding that,

-3-

in light of the available evidence, his counsel's "performance was not [constitutionally] deficient in any respect." United States v. Bailey, No. 96-40063-01-SAC, 1998 WL 214888, at *4 (D. Kan. Mar. 20, 1998). From the record before us, it appears that Defendant did not file a notice of appeal within sixty days of the district court's denial of his section 2255 motion. See Fed. R. App. P. 4(a); United States v. Pinto, 1 F.3d 1069, 1070 (10th Cir. 1993).

However, on March 31, 1998, Defendant filed a notice of appeal from his conviction for possession with intent to distribute. In this direct appeal, Defendant raises essentially the same argument that he asserted in his section 2255 motion, i.e., that he was denied his Sixth Amendment right to effective assistance of counsel due to his counsel's inadequate pretrial preparation and investigations and performance at trial. Specifically, Defendant contends that his counsel failed to obtain a sample of the seized drugs for independent laboratory testing, failed to challenge the chain of custody of the drugs, failed to challenge the issuance of the search warrant, and failed to call crucial witnesses to testify at trial.

This court has stated that, ordinarily, "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal." United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). The exception to this general rule is the "rare instance[] [in which] an ineffectiveness of counsel

claim may need no further [factual] development prior to review on direct appeal." Id.; see also United States v. Carter, 130 F.3d 1432, 1442 (10th Cir. 1997) (stating that where the record has been sufficiently developed by the district court before the appeal, the court "can agree to consider the claim on direct appeal"), cert. denied, __ U.S. __, 118 S. Ct. 1856 (1998). In this case, Defendant already has filed and the district court already has addressed the merits of Defendant's ineffective assistance of counsel claim in the section 2255 motion. See Bailey, 1998 WL 214888. Because of these unusual procedural circumstances, we have "the benefit of the district court's views," Galloway, 56 F.3d at 1240, and we have a sufficient record upon which to base our decision. Cf. Carter, 130 F.3d at 1442 (holding that record was sufficient to address ineffectiveness claim on direct appeal because defendant raised claim in two post-trial motions and court heard testimony relevant to claim during sentencing hearing); United States v. Gallegos, 108 F.3d 1272, 1280 (10th Cir. 1997) (reaching merits of conflict of interest claim where defendant asserted claim at trial and in post-trial motion and court weighed merits of claim in post-trial order). Moreover, dismissing Defendant's appeal and requiring him to raise his ineffective assistance claim in a collateral proceeding would be absurd, given that Defendant already has raised the claim in a collateral proceeding and that an additional section 2255 motion filed by Defendant likely would be dismissed as a

second or successive petition.  See 28 U.S.C. § 2255.  For these reasons, we turn

to the merits of Defendant's ineffective assistance claim.[2]

"[A] court deciding an actual ineffectiveness claim must judge the

reasonableness of counsel's challenged conduct on the facts of the particular case,

viewed as of the time of counsel's conduct."  Strickland v. Washington, 466 U.S.

668, 690 (1984).  Thus, under Strickland, we apply a plenary standard of review

to legal issues and we review the district court's factual findings for clear error.

See United States v. Miller, 907 F.2d 994, 996 (10th Cir. 1990).  To show that his

"counsel's assistance was so defective as to require reversal of [his] conviction,"

Defendant must show (1) "that counsel's performance was deficient" and (2) "that

the deficient performance prejudiced the defense."  Strickland, 466 U.S. at 687.

Defendant may establish deficient performance by showing "that counsel made

errors so serious that [he] was not functioning as the 'counsel' guaranteed the

[D]efendant by the Sixth Amendment."  Id.  Counsel's representation is deficient

if it "falls below an objective standard of reasonableness."  Id. at 690.  To show

prejudice, Defendant must show "that counsel's errors were so serious as to

_____

[2]Because Defendant filed his direct appeal after he filed his 28 U.S.C. § 2255 motion, the procedural posture of this case is somewhat unusual.  However, because we can find no authority precluding us from considering the merits of Defendant's appeal, and because the district court's decision to address the merits of Defendant's section 2255 motion is not before us, we address the merits of Defendant's appeal.  Our interest in promoting judicial economy also supports our decision to reach the merits of Defendant's claim.

deprive the defendant of a fair trial, a trial whose result is reliable." Id. Additionally, a showing of prejudice requires the defendant to demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686. However, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

At the outset, we note that the factual "backdrop" of Defendant's case weighs against his ineffective assistance of counsel claim. Bailey, 1998 WL 214888, at *3. During the execution of a search warrant, police officers discovered Defendant running from a table on which cocaine base was prominently displayed. He was the only individual present in the residence at the time. Officers could smell marijuana in the searched premises and found marijuana in Defendant's pants pocket. Officers also located a stack of cash in the residence, along with Defendant's social security card, his birth certificate,

and some plastic sandwich bags with the corners torn out of them. Defendant confessed that the cocaine base was his, admitted that he intended to sell it, and identified his source to the investigating officers. Prior to trial, Defendant's counsel made two motions to suppress, both of which were denied by the district court. See United States v. Bailey, 979 F. Supp. 1319 (D. Kan. 1997); United States v. Bailey, 979 F. Supp. 1315 (D. Kan. 1997). At trial, Defendant's counsel presented the defense that Defendant's confession was coerced by the investigating officers.

In light of this background evidence and mindful of the standards set forth above, we now address in turn each of Defendant's arguments supporting his ineffective assistance claim. Defendant first contends that his counsel's performance was deficient because he failed to obtain a sample of the seized drugs for independent laboratory testing. Because no evidence called the government chemist's evaluation of the substance into question prior to or during the trial, we cannot say that counsel's decision not to obtain a sample of the drugs for independent testing was unreasonable. Morever, counsel raised numerous objections to the Government's evidence at trial that the substance located at the scene was cocaine base. See R., Vol. 2, Doc. 103 at 33, 40-41, 98, 100, 112, 145. Counsel also cross-examined the chemist who tested the drugs regarding his qualifications, the testing of the drugs, and the records he kept on the drug

testing.  See id. at 139-44.  As a consequence, we conclude that counsel's performance was not deficient under the standard established in Strickland.

Second, Defendant argues that his counsel failed to challenge the chain of custody of the drugs found at the scene.  However, the record indicates that counsel did, in fact, challenge the chain of custody of the drugs.  For example, counsel asked the testifying officer, whose duty it was to collect the evidence from the search, about the process of collecting the evidence and the procedure for recording the collection of evidence. See id. at 118-21.  Counsel also asked the chemist who tested the drugs whether the drugs were brought to him directly by police officers, and, if not, who brought him the drugs. See id. at 141.  In addition, counsel asked the chemist if he remembered testing the particular drugs in this case. See id. at 141-42.  Finally, in his closing statement to the jury, Defendant's counsel disputed the actual amount of cocaine base seized, see id. at 165-66, and asserted that the cocaine base that was tested was not the substance found at the scene. See id. at 172-74.  Taken together, these facts demonstrate that counsel's performance was not legally deficient.

Third, Defendant claims that his counsel failed to challenge the issuance of the search warrant.  Defendant offers only one argument in support of his claim that counsel should have challenged the issuance of the search warrant:  he claims that the testimony of Mr. Mike Bowser would have called into question whether

Defendant was present or living in Topeka at the time the confidential informant claimed he purchased drugs from Defendant, which in turn would have impugned the factual basis on which the search warrant was issued. We do not think that this assertion is sufficient to characterize his counsel's failure to interview Mr. Bowser as deficient performance. Not only has Defendant offered no evidence in support of this argument but also such testimony is unlikely to have rendered the probable cause in support of the warrant inadequate. Moreover, Defendant did not include the application for the search warrant or any other information regarding the warrant in the record. In the absence of such information, we rely on the district court's determination that the evidence supported the issuance of the warrant. See Bailey, 1998 WL 214888, at *4. We hold that none of Defendant's first three allegations of ineffective assistance rises to the level of deficiency required to establish a Sixth Amendment violation under Strickland. Accordingly, we do not address the prejudice prong of the test with respect to those allegations. See Strickland, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.").

With respect to his fourth and final claim of ineffective assistance of counsel, Defendant contends that his counsel's failure to interview and call certain witnesses to testify violated his right to effective representation.

-10-

Defendant has alleged only that the witnesses which his counsel allegedly should have interviewed could have testified that Defendant was not living in Topeka at the time the confidential informant claimed he purchased drugs from him and that Defendant did not live at the searched residence. Contrary to Defendant's claim that his counsel failed to conduct any investigations regarding the informant, counsel did investigate the role of the confidential informant for purposes of making a pre-trial motion to suppress. In that motion and its supporting memorandum, counsel asserted that the confidential informant had only been working as an informant for less than one month and had a conviction for a crime of dishonesty. However, under the circumstances of this case, we need not decide whether counsel's failure to interview and elicit testimony from witnesses who potentially might have aided the defense constitutes deficient performance under Strickland because we conclude that counsel's performance was patently not prejudicial. See id.; United States v. Mealy, 851 F.2d 890, 908 (7th Cir. 1988).

Defendant has failed to establish prejudice on this point for the following reasons. As stated in our discussion of Defendant's claim that his counsel failed to challenge the search warrant, the testimony of the confidential informant or Mr. Bowser is unlikely to have prevented the issuance of the search warrant. Moreover, any testimony suggesting that Defendant did not live at the searched residence would have been countered by the ample evidence presented at trial that

-11-

he did reside there, such as the officers' discovery of Defendant's social security card and birth certificate at the residence. We also do not believe that any testimony by the confidential informant or by Mr. Bowser indicating that Defendant did not sell drugs to the confidential informant was relevant to the issues and evidence presented at trial. The purchase of drugs by the informant was not presented in evidence or relied upon by the prosecution to prove any aspect of its case. The alleged testimony from these witnesses would have neither impugned the evidence found at the scene nor been relevant to whether investigating officers coerced Defendant's confession. Finally, while Defendant contends that proper investigations by counsel "would have drastically changed the events leading up to trial and the trial itself," Appellant's Br. at 7, and "would [have] greatly aid[ed] the defense," id. at 8, such conclusory and vague statements of prejudice are insufficient to demonstrate prejudice under Strickland. See Stafford v. Saffle, 34 F.3d 1557, 1564-65 (10th Cir. 1994), cert. denied sub nom. Stafford v. Ward, 514 U.S. 1099 (1995); Mealy, 851 F.2d at 908.

In sum, we hold that Defendant has failed to make out a claim of ineffective assistance of counsel. His conviction for possession with intent to distribute cocaine base is **AFFIRMED**.

Entered for the Court


Monroe G. McKay
Circuit Judge