**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rafael LOPEZ–SERRATO,**
**Defendant–Appellant.**

No. 00–50615.

D.C. No. CR–74–02245–MJL.

United States Court of Appeals,
Ninth Circuit.

Submitted March 11, 2002.*

Decided March 19, 2002.

Before FARRIS, W. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM **

Rafael Lopez–Serrato appeals the district court's denial of his motion to expunge his 1975 convictions for possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and illegal entry, in violation of 8 U.S.C. § 1325. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review de novo, *United States v. Sumner*, 226 F.3d 1005, 1009 (9th Cir.2000). We affirm.

Lopez–Serrato contends that the district court erred by concluding that it lacked the inherent power, under equitable principles, to expunge criminal records and subsequently denying his motion to expunge his prior convictions. This contention is unpersuasive as we have previously held that federal courts do not have ancillary jurisdiction "in a criminal case to expunge [a] ... conviction record where the sole basis alleged by the defendant is that he or she seeks equitable relief." *See id.* at 1015; *see also United States v. Smith*, 940 F.2d 395, 396 (9th Cir.1991) (holding that the effects of a conviction, including limitations on future employment, were not adequate grounds for expunction, but were instead, "the natural consequence of having been convicted").

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.