**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 23 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SAMUEL HERMAN SAM,

    Defendant - Appellant.

No. 02-2307
(D.C. Nos. CIV-01-0017 JC/WWD
& CR-95-249 JC)
(D. New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

---

    Samuel Herman Sam, a federal prisoner proceeding pro se, appeals the

district court's (1) denial of his petition for a writ of coram nobis, (2)

recharacterization of his petition as one for habeas relief under 28 U.S.C. § 2255,

and (3) denial of § 2255 relief. For substantially the same reasons set forth by the

district court, we affirm the denial of Sam's petition for a writ of coram nobis,

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

affirm the recharacterization of his petition, deny a certificate of appealability ("COA"), and dismiss the appeal of the § 2255 denial.

Having pled guilty to three counts of aggravated sexual abuse in violation of 18 U.S.C. § 2241(a), Sam was sentenced to 188 months' imprisonment on January 10, 1996. He did not appeal this sentence on direct review. Nearly five years later, on January 2, 2001, Sam filed a petition for a writ of coram nobis under 28 U.S.C. § 1651, alleging ineffective assistance of counsel, lack of federal jurisdiction, a violation of his right to speedy trial, and that his plea was involuntary. Denying the petition on July 2, 2001, the district court determined that coram nobis is not an available remedy primarily because Sam remains incarcerated. It provided Sam with the opportunity, however, to withdraw the petition within twenty days; o therwise, the petition would be recharacterized and considered as a § 2255 petition. Declining the invitation to withdraw yet objecting to the petition's recharacterization, Sam filed a motion for reconsideration and a notice of appeal on July 18, 2001. The district court denied reconsideration and this court dismissed for lack of jurisdiction because no final judgment had been entered by the lower court, United States v. Sam , No. 01-2228 (10th Cir. Jan. 4, 2002) (unpublished order). On April 18, 2002, in light of Sam's refusal to withdraw the motion, the district court reconstrued it as a petition for habeas corpus under § 2255 and dismissed it as untimely. Subsequently, Sam

filed a motion for leave to file an interlocutory appeal on November 4, 2002, which has been construed as a notice of appeal.

Because Sam proceeds pro se, we must liberally construe his pleadings. McBride v. Deer, 240 F.3d 1287, 1289 (10th Cir. 2001). As a threshold matter, we determine whether this appeal was timely filed. Sam had sixty days after the district court's decision to submit a notice of appeal. See United States v. Pinto, 1 F.3d 1069, 1070 (10th Cir. 1993). Sam did not do so until November 4, 2002. While it may appear at first glance that Sam's appeal is untimely, we conclude otherwise.

In its final order dated April 18, 2002, the district court provided legal analysis in its decision but failed to file a separate judgment, thus violating Federal Rule of Civil Procedure 58. See United States v. Torres, 282 F.3d 1241, 1244 (10th Cir. 2002); Clough v. Rush, 959 F.2d 182, 185–86 (10th Cir. 1992). An amendment to Rule 58, effective December 1, 2002, provides that in the absence of entry of a separate judgment, judgment is deemed entered when 150 days have run from entry in the civil docket. Fed. R. Civ. P. 58(b)(2)(B). This amendment applies to pending actions when it is "just and practicable to do so." Order of the Supreme Court Adopting and Amending the Fed. R. Civ. P. (Apr. 29, 2002); see also Espinoza v. United States, 52 F.3d 838, 840 (10th Cir. 1995) (applying the "just and practicable" standard). In light of Sam's confusion over

the finality of the order, reflected in his request for leave to file an <u>interlocutory</u> appeal in this court, we conclude that the amendment applies under the present circumstances and deem the judgment denying Sam's § 2255 petition to have been entered on September 15, 2002, 150 days after it was entered in the civil docket. Thus, the November 4, 2002, notice of appeal, filed within sixty days of this date, is timely.

Proceeding to the merits of Sam's appeal, we conclude that the district court properly denied his petition for a writ of coram nobis. <u>See</u> <u>United States v. Torres</u>, 282 F.3d at 1245 ("[A] prisoner may not challenge a sentence or conviction for which he is currently in custody through a writ of coram nobis."). We hold that the recharacterization of Sam's petition for a writ of coram nobis was proper because the district court afforded Sam the opportunity to either withdraw the petition or have it be characterized as one for § 2255 relief, and Sam declined the invitation to withdraw. <u>See</u> <u>id.</u> (holding that a district court may recharacterize a motion as a § 2255 petition where the district court concludes that the motion may only be considered as one for § 2255 relief and affords the petitioner an opportunity to withdraw the motion rather than having it be recharacterized).

As to Sam's appeal from the denial of § 2255 relief, because his petition was filed after April 24, 1996, the effective date of the Antiterrorism and

Effective Death Penalty Act ("AEDPA"), AEDPA's provisions apply to this case. See Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1991) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). AEDPA provides that a petitioner may not appeal a denial of habeas relief under 28 U.S.C. § 2255 unless a COA is granted. § 2253(c)(1)(B). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). When the district court has denied the petition on procedural grounds, this standard requires that "the prisoner show[], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because the district court did not grant a COA, we proceed to analyze whether a COA should be granted.

Denying Sam's § 2255 petition as untimely, the district court noted that Sam filed his petition more than five years after his conviction became final. AEDPA imposes a one-year period of limitations for petitions for relief from federal custody. § 2255. Where, as here, a conviction became final before AEDPA's effective date, a petitioner has a one-year grace period after the effective date of AEDPA to file his or her petition. See United States v. Hurst, 322 F.3d 1256, 1261 & n.4 (10th Cir. 2003). Sam's initial petition was filed on

January 2, 2001, well over a year after AEDPA's effective date. In his application for a COA, Sam sets forth no arguments suggesting that his petition was timely. On the contrary, in his initial petition, he explains that the reason it is styled as a petition for a writ of coram nobis is because he is time-barred from filing a petition for a writ of habeas corpus under § 2255. Sam has failed to make a debatable showing that his § 2255 petition was timely filed.

In sum, having reviewed petitioner's appellate brief, the district court's order, and the material portions of the record on appeal, we **AFFIRM** the denial of the writ of coram nobis and recharacterization of Sam's petition as one for habeas relief under § 2255. Moreover, no reasonable jurist would conclude that Sam's § 2255 petition should have been granted. Sam's application for a COA is therefore **DENIED**, and the appeal of the § 2255 denial is **DISMISSED**.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge