FILED
United States Court of Appeals
Tenth Circuit

January 25, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN CLEMA,

      Plaintiff - Appellant,

v.

PAUL COLOMBE, in his individual and
official capacities; ROBERT A. GARCIA,
in his official capacity as Santa Fe County
Sheriff,

      Defendants - Appellees.

No. 16-2004
(D.C. No. 1:11-CV-00807-MV-WPL)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH,** Chief Judge, **BALDOCK**, and **BRISCOE**, Circuit Judges.

      Plaintiff John Clema brings this action against Officer Paul Colombe and against

Santa Fe County, pursuant to 42 U.S.C. § 1983, alleging various violations of the

Constitution and New Mexico law. The district court granted summary judgment to all

defendants on all claims. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

Further, we deny Mr. Clema's pending motion to certify two questions of law to the New

Mexico Supreme Court.

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

Officer Paul Colombe is an officer for the Pueblo of Tesuque Police Department, which pays his salary and benefits. Aplt. App. at 169. Pursuant to New Mexico state law, Officer Colombe has been "recognized and authorized to act as [a] New Mexico peace officer[]" by the Santa Fe County Sheriff's Department. N.M. Stat. Ann. § 29-1-11; Aplt. App. at 169. On July 10, 2009, Officer Colombe stopped a vehicle for allegedly failing to stop at a stop sign. Aplt. Br. at viii. Plaintiff John Clema and one other person were passengers in that vehicle. Id. The subsequent interaction was recorded on dash cam video. See Aplt. App. vol. IV. Officer Colombe administered a field sobriety test to the driver and found her to be impaired. Id. at 2:17–8:18. He placed the driver under arrest for driving under the influence (DUI). Id. at 9:55–10:09. Officer Colombe then asked if Mr. Clema would like to call someone for a ride home. Id. at 13:25–13:39. Mr. Clema indicated that he would like to drive the vehicle himself. Id. at 13:40–14:24. Officer Colombe explained that Mr. Clema was visibly intoxicated and would not be permitted to drive. Id. During this conversation, Officer Colombe was standing outside the passenger door of the vehicle, while Mr. Clema was seated in the passenger seat. Id. Officer Colombe had his flashlight pointing into the vehicle. Id. At one point, Mr. Clema "swept at" the flashlight because it was shining in his eyes, causing Officer Colombe to move back and ask Mr. Clema not to reach for his flashlight. Id. at 14:03–14:12; Aplt. Br. at 29. Mr. Clema argued with Officer Colombe, insisted that he was willing and able to drive, and indicated his belief that Officer Colombe was acting illegally. See, e.g.,

2

Aplt. App. vol. IV, at 13:52–13:58 (Mr. Clema saying, "Can you give me the blow to see if I'm sober or not?"); id. at 14:00–14:04 (Mr. Clema saying, "But if you refuse to give me one, then in a court of law, excuse me."); id. at 14:14–14:16 (Mr. Clema saying, "I'm trying to cooperate, are you cooperating?"). In addition, throughout this conversation, Mr. Clema was slurring his speech, and, when asked to step out of the vehicle, was unsteady on his feet. See, e.g., id. at 13:42–13:46 (Officer Colombe noting Mr. Clema's slurred speech), id. at 14:40–15:28 (Officer Colombe telling Mr. Clema: "It is obvious that you are highly intoxicated, sir, okay? It is obvious though that you can't even keep your balance."). Officer Colombe then arrested both Mr. Clema and the other passenger for parties to a crime DUI. Id. at 14:50–15:11; 17:16–19:20. During the arrest, Officer Colombe explained to Mr. Clema that "When you reach at my flashlight and stuff and start threatening because I have my light on you, then it becomes a different story." Id. at 16:28–16:34. At all times during the interaction, Officer Colombe was patient and courteous to Mr. Clema and his companions. See generally, id.

All criminal charges against the driver and both passengers were dropped for a variety of reasons. Aplt. App. at 4–5, 79. In Mr. Clema's case, the charge of parties to a crime DUI was dismissed because Officer Colombe did not appear at the hearing. Id. at 590. Officer Colombe claims that he never received notice of the hearing. Id.

Mr. Clema filed suit against Officer Colombe in his individual and official capacities, and against Sheriff Robert Garcia in his official capacity. Id. at 1. We construe the official capacity claims against Officer Colombe and Sheriff Garcia as

3

claims against the municipality they represent — Santa Fe County. See Porro v. Barnes, 624 F.3d 1322 (10th Cir. 2010). Mr. Clema raised a number of state and federal claims, most of which were premised on his belief that his arrest was unlawful. Id. at 5–12. The district court granted summary judgment to Santa Fe County because Mr. Clema had not alleged an official policy or practice to establish liability under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), id. at 192, and because he had not presented any evidence to "satisfy the deliberate indifference standard for his negligent hiring claim premised solely upon a single instance of negligently cross-commissioning Colombe," id. at 193. The district court granted summary judgment to Officer Colombe as to the New Mexico state law claims because the New Mexico Tort Claims Act (NMTCA), N.M. Stat. Ann. §§ 41-4-1 to 41-4-30, provided immunity, Aplt. App. at 597, and as to the constitutional claims because Officer Colombe had "arguable probable cause" to arrest Mr. Clema, id. at 603. Mr. Clema appeals, claiming the district court erred by (1) finding Officer Colombe was entitled to immunity under the NMTCA; (2) finding arguable probable cause to arrest Mr. Clema for assault on a peace officer and parties to a crime DUI; (3) reconsidering Officer Colombe's motion for summary judgment; (4) denying equitable expungement of Mr. Clema's record; and (5) declining to reconsider its grant of summary judgment to Santa Fe County in light of the New Mexico Supreme Court's decision in Loya v. Gutierrez, 2015-NMSC-017, 350 P.3d 1155 (N.M. 2015). Aplt. Br. at vi–viii. We address each of these arguments in turn.

4

*NMTCA Immunity*

Mr. Clema claims the district court erred in holding that Officer Colombe was entitled to immunity under the NMTCA. Further, he has moved to certify this question to the New Mexico Supreme Court. We deny this motion because New Mexico Supreme Court precedent is clear that the NMTCA provides immunity to Officer Colombe.

The NMTCA provides that "[a] governmental entity and any public employee while acting within the scope of duty are granted immunity from liability for any tort except as waived" by identified provisions of New Mexico law. N.M. Stat. Ann. § 41-4-4. One of the identified exceptions provides that immunity "does not apply to . . . law enforcement officers while acting within the scope of their duties." Id. § 41-4-12. The NMTCA defines "law enforcement officer" in relevant part as "a full-time salaried public employee of a governmental entity, or a certified part-time salaried police officer employed by a governmental entity, whose principal duties under law are to hold in custody any person accused of a criminal offense, to maintain public order or to make arrests for crimes." Id. § 41-4-3(D).

According to the Supreme Court of New Mexico, a tribal officer deputized by the sheriff is a "public employee" as defined by the NMTCA when he is "acting in an 'official capacity' and 'on behalf or in service of' the County sheriff and Santa Fe County." Loya, 2015-NMSC-017, ¶ 32, 350 P.3d at 1164. Thus, Officer Colombe, a tribal officer making an arrest pursuant to New Mexico State law, was a public employee granted immunity by the NMTCA. Id. Further, a tribal police officer is "not a 'full-time

5

salaried public employee' or even a 'part-time salaried police officer' of the County or any other 'governmental entity' recognized by the NMTCA." Id., 2015-NMSC-017, ¶¶ 16–17, 350 P.3d at 1160. Therefore, this exception does not remove the statutorily granted immunity from Officer Colombe. The district court properly applied this clear precedent from the Supreme Court of New Mexico and thoroughly addressed Mr. Clema's policy arguments that the statute should be read differently. See Aplt. App. at 600–02 ("[T]he mere fact that the decision in Loya may yield unintended consequences when applied to other provisions within the same statute does not mean that this Court must ignore the plain meaning of the text."). The district court did not err in holding that Officer Colombe was entitled to immunity under the NMTCA. Our certification of this question to the New Mexico Supreme Court is unnecessary.

*Probable Cause to Arrest*

Mr. Clema argues that the district court erred by finding Officer Colombe had probable cause to arrest Mr. Clema. The Fourth Amendment requires that an officer must have probable cause to initiate a search, arrest, and prosecution. Stonecipher v. Valles, 759 F.3d 1134, 1141 (10th Cir. 2014), cert. denied, __ U.S. __, 135 S. Ct. 881 (2014). "Probable cause is not a precise quantum of evidence." Id. Rather, the relevant question is whether there was a "substantial probability" that the suspect committed the crime. Id. The officer's "subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause." Devenpeck v. Alford, 543 U.S. 146, 153 (2004). As long as the officer had reason to believe that any crime had occurred,

6

probable cause exists to support the arrest. United States v. Turner, 553 F.3d 1337, 1344–45 (10th Cir. 2009). The district court found Officer Colombe had probable cause to arrest Mr. Clema on at least two grounds: party to a crime DUI, and assault on a peace officer. Aplt. App. at 602–04. We agree that Mr. Clema's arrest was supported by probable cause.

Mr. Clema argues, with respect to assault on a peace officer, that "the facts viewed in favor of the nonmoving party show only an older gentleman, seated in a car, engaging in banter with an officer standing outside the car, sweeping at the officer's flashlight because it was shining in his eyes." Aplt. Br. at 29. By this statement, Mr. Clema admits that he "swept at" Officer Colombe's flashlight, and this is corroborated by the video. Aplt. App. vol. 4. Mr. Clema submits, however, that "[a] reasonable law enforcement officer under the circumstances might have been a bit annoyed, but would not have felt that the offense of battery had been attempted on his person, nor felt in imminent threat of a battery." Aplt. Br. at 29–30.

Under New Mexico law, assault on a peace officer is defined as either "an attempt to commit a battery upon the person of a peace officer while he is in the lawful discharge of his duties," or "any unlawful act, threat or menacing conduct which causes a peace officer while he is in the lawful discharge of his duties to reasonably believe that he is in danger of receiving an immediate battery." N.M. Stat. Ann. § 30-22-21. "Battery," in turn, is defined as "the unlawful, intentional touching or application of force to the person of another, when done in a rude, insolent or angry manner." Id. § 30-3-4. "[T]he word

7

'person' as used in New Mexico's battery upon a peace officer statute includes anything intimately connected with [the] person." State v. Ortega, 1992-NMCA-003, ¶ 14, 113 N.M. 437, 441, 827 P.2d 152, 156 (N.M. Ct. App. 1992). Specifically, taking an officer's flashlight or knocking it out of his hand constitutes battery on a peace officer under New Mexico law. Id. at ¶ 16, 113 N.M. at 441, 827 P.2d at 156. Thus, if Mr. Clema attempted either to take the flashlight from Officer Colombe, or to knock the light out of his hand, he committed an assault on a peace officer.

Mr. Clema reached for Officer Colombe's flashlight. Because of the proximity between Officer Colombe and Mr. Clema, this action caused Officer Colombe to move back. Had he not done so, Mr. Clema might have come in contact with Officer Colombe or the flashlight. At the time of Mr. Clema's action, Officer Colombe was a peace officer engaged in the lawful discharge of his duties.[1] Thus, the facts and circumstances, including Mr. Clema reaching for Officer Colombe's flashlight, would cause a reasonable officer to believe there was a substantial probability that Mr. Clema had committed an assault on a peace officer under New Mexico law. Therefore, Officer Colombe had probable cause to arrest Mr. Clema. This conclusion alone is sufficient to dispose of Mr.

---

[1] Although Officer Colombe is not a salaried police officer or public employee under the NMTCA, he is a peace officer for purposes of the crime of assault on a peace officer. In this context a "peace officer" is "any public official or public officer vested by law with a duty to maintain public order or to make arrests for crime, whether that duty extends to all crimes or is limited to specific crimes." N.M. Stat. Ann. § 30-1-12(C). A "public officer" is then defined as "any elected or appointed officer of the state or any of its political subdivisions, . . . *whether or not he receives remuneration for his services*." Id. § 30-1-12(I) (emphasis added).

Clema's claim for wrongful arrest. We decline to consider whether there was also probable cause to arrest Mr. Clema for parties to a crime DUI under New Mexico law.[2]

*False Imprisonment, Malicious Prosecution*

To support his false imprisonment and malicious prosecution claims, Mr. Clema argues only that his arrest was unconstitutional. As discussed, we conclude that Officer Colombe had probable cause to arrest Mr. Clema. An arrest supported by probable cause cannot be the basis for a claim of false imprisonment or malicious prosecution.[3] Puller v. Baca, 781 F.3d 1190, 1200 (10th Cir. 2015). Thus, Mr. Clema's claims for false imprisonment and malicious prosecution fail. The district court did not err by granting summary judgment to Officer Colombe on these claims.

---

[2] Mr. Clema also argues that the district court erred by reconsidering Officer Colombe's motion for summary judgment on this issue. The district court had previously denied summary judgment to Officer Colombe and held that "a reasonable officer in Defendant Colombe's position would not have had probable cause to believe that [Mr. Clema was] aiding and abetting the commission of driving under the influence." Aplt. App. at 137–38. This was not error because the district court has discretion to reconsider any order that is not final. Price v. Philpot, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge." (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 12 (1983))); Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").

[3] To establish a claim for false imprisonment, a plaintiff must specifically allege facts to show that "a government official acted with deliberate or reckless intent to *falsely* imprison the plaintiff." Romero v. Fay, 45 F.3d 1472, 1480 (10th Cir. 1995) (emphasis added). Similarly, to establish a claim for malicious prosecution, a plaintiff must demonstrate, *inter alia*, that "no probable cause supported the original arrest, continued confinement, or prosecution." Wilkins v. DeReyes, 528 F.3d 790, 799 (10th Cir. 2008).

*Equitable Expungement*

"[I]n extreme circumstances, an arrest record may be expunged after dismissal of the charges or acquittal." United States v. Pinto, 1 F.3d 1069, 1070 (10th Cir. 1993). On appeal, Mr. Clema presents no argument as to why his record should be expunged. According to the district court, "Plaintiff's sole factual assertions in this regard are that he believes the arrest to have been unconstitutional and the existence of a criminal record continues to harm his career and reputation." Aplt. App. at 608. The district court declined to expunge Mr. Clema's arrest record because the arrest was not unconstitutional and Mr. Clema presented no other facts that would render this case "extreme." Id. We agree.

*Reconsideration in Light of Loya*

Mr. Clema argues that the district court erred by declining to reconsider its grant of summary judgment to Santa Fe County in light of Loya. Aplt. Br. at 56. He asks this court to certify a question of law to the New Mexico Supreme Court regarding whether Loya established a duty of the sheriff to supervise deputized tribal police officers. Certification of this question to the New Mexico Supreme Court would be inappropriate because the asserted question of law is irrelevant to the district court's proper grant of summary judgment to Sheriff Garcia.[4]

---

[4] Mr. Clema misunderstands the district court's basis for granting summary judgment on this claim. As discussed, the court granted summary judgment because Mr. Clema did not allege sufficient facts to establish municipal liability under either a policy or deliberate indifference. In its analysis, the district court assumed, without deciding,

(continued...)

10

"A plaintiff suing a municipality under § 1983 for the actions of one of its officers must prove: (1) that a municipal employee committed a constitutional violation; and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation." Jiron v. City of Lakewood, 392 F.3d 410, 419 (10th Cir. 2004). "[A] municipality cannot be liable under § 1983 if the officer in fact inflicted no constitutional harm." See id. (citing City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986)). Officer Colombe did not violate Mr. Clema's rights, so no municipal liability can arise from Officer Colombe's actions. Sheriff Garcia is entitled to summary judgment on this claim.

## III

For the foregoing reasons, we affirm the grant of summary judgement to all defendants on all claims. We also deny Mr. Clema's motion to certify two questions of law to the New Mexico Supreme Court.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[4](...continued)
that the county did have a duty to train and supervise Officer Colombe. Aplt. App. at 188. Thus, whether the New Mexico Supreme Court's decision in Loya affirmatively established such a duty has no effect on the district court's conclusion. Further, Mr. Clema argues that he has "additional evidence" that would indicate an official policy or practice of arresting persons for parties to a crime DUI. Because we affirm the grant of summary judgment on the alternative ground that there was no underlying constitutional violation, we decline to address this argument.

11