FILED
United States Court of Appeals
Tenth Circuit

January 31, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

BILLY JOE HILL,

     Defendant - Appellant.

No. 17-5086
(D.C. Nos. 4:16-CV-00327-CVE-TLW and
4:03-CR-00071-CVE-1)
(N.D. Okla.)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY[*]**
_____

Before **LUCERO**, **O'BRIEN**, and **MORITZ**, Circuit Judges.
_____

    Billy Joe Hill seeks a certificate of appealability ("COA") to challenge the district court's denial of his 28 U.S.C. § 2255 motion. We deny a COA and dismiss the appeal.

**I**

    Hill was convicted of being a felon in possession of a firearm and making a false statement during the purchase of a firearm. Following the application of a sentencing enhancement under the Armed Career Criminal Act ("ACCA"), the district court sentenced him to 212 months incarceration. 18 U.S.C. § 924(e). We

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

affirmed his convictions and sentence on direct appeal. Hill filed a § 2255 motion, which the district court denied. We rejected his request for a COA.

After the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), Hill sought and was granted authorization from this court to file a second § 2255 motion. In the district court, Hill presented a Johnson challenge to his sentence. He then filed a petition for writ of mandamus in this court, requesting that we order the district court to rule on his pending § 2255 motion. On May 15, 2017, before we addressed that petition, the district court denied Hill's § 2255 motion. It also denied a COA.

Hill filed two motions in the mandamus case on June 19, 2017. The following day, we entered an order construing the first of his two filings as a motion to voluntarily dismiss the mandamus petition, and granted it. In the same order, we denied the second motion, which was styled as a motion of intent to appeal, stating that a notice of appeal must be filed in the district court. Hill did so on August 21, 2017.

## II

Hill did not file a timely notice of appeal in the district court. He had sixty days from the entry of judgment on May 15, 2017 to do so. 28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1)(B); United States v. Pinto, 1 F.3d 1069, 1070 (10th Cir. 1993). Hill's notice was filed thirty six days late. However, Hill contends that he believed he had properly filed a notice on June 19, 2017—within the sixty day period—when he submitted a "Motion to File a Motion to Intent to Appeal" to us in

2

the mandamus case. We hold that his June 19 motion constitutes a mistaken filing in the court of appeals under Fed. R. App. R. 4(d) and therefore serves as a timely notice of appeal.

Rule 4(d) states that if a notice of appeal is mistakenly filed in the court of appeals instead of the district court, the clerk of the court of appeals must note the date the notice was received and send the notice to the district court. Fed. R. App. P. 4(d). The notice is then considered filed on the day that the court of appeals received it. Id. Hill's case is complicated by the fact that his filing was captioned with the case number of his mandamus petition. We must decide whether Rule 4(d) applies in these circumstances.

There is very little existing discussion of Rule 4(d), either in the commentary to the Federal Rules of Appellate Procedure or in case law. However, Rule 4(d) is facially a fail-safe provision. It ensures that individuals who file a notice of appeal in the wrong court, thus providing notice despite the procedural defect, are not barred from pursuing an appeal. Fed. R. App. P. 4(d); see also Samantha Lewis, Comment, Notice and the Claim Presentation Requirements under the California Government Claims Act: Recalibrating the Scales of Justice, 53 San Diego L. Rev. 701, 716 n.84 (2016) (discussing the purpose of Rule (4)(d)). Hill's filing clearly gave us notice of his intent to appeal but was procedurally insufficient. Under the logic of Rule 4(d), we consider his notice of appeal filed as of the date the clerk of our court received it and thus timely.

## III

Hill may not appeal the district court's denial of his § 2255 motion without a COA. § 2253(c)(1)(B); Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). A COA may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To make such a showing, Hill must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

Hill was convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1), which carries a maximum punishment of ten years imprisonment. §§ 922(g)(1), 924(a)(2). If a defendant has three or more prior convictions that qualify as violent felonies or serious drug offenses, he is subject to a mandatory minimum sentence of fifteen years and a maximum sentence of life imprisonment. § 924(c)(5)(A). The ACCA defines violent felony in part as "any crime punishable by imprisonment for a term exceeding one year, . . . that—(i) has as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B). This section of the ACCA is known as the elements clause and was left untouched by Johnson. Welch v. United States, 136 S. Ct. 1257, 1261 (2016).

To determine whether a prior offense is a crime of violence, we apply either the categorical approach or the modified categorical approach. Descamps v. United States, 133 S. Ct. 2276, 2279 (2013). If the statute contains a single set of elements,

4

we look to the elements of the statute and not to the facts of the individual crime. Id. If the statute of conviction is divisible—that is, if it "lists multiple, alternative elements, and so effectively creates several different crimes"—we apply the modified categorical approach. United States v. Taylor, 843 F.3d 1215, 1220 (10th Cir. 2016). We review a limited set of materials, including the charging document, to determine which elements applied to the defendant's particular conviction. Id.

Hill was convicted of assault and battery with a dangerous weapon under Okla. Stat. tit. 21, § 645. As elucidated in United States v. Michell, 653 F. App'x. 639 (10th Cir. 2016), this statute is divisible, criminalizing "assault, battery, or assault and battery with a sharp or dangerous weapon" and "shooting at another with a gun or similar means." Id. at 643 (quotations and brackets omitted). The charging document in Hill's case states that he committed "an assault and battery on one George Lindley with a certain dangerous weapon." This crime requires proof of the use, threatened use, or attempted use of physical force, and is therefore a violent felony under the elements clause of the ACCA. See Michell, 653 F. App'x at 644-45.

Hill also has two convictions for robbery with a firearm under Okla. Stat. tit. 21, § 801. Oklahoma defines robbery as a "wrongful taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Okla. Stat. tit. 21, § 791. A defendant is subject to an increased penalty if he "with the use of any firearms or any other dangerous weapon . . . robs or attempts to rob any place of business, residence

5

or banking institution or any other place inhabited or attended by any person or persons." Okla. Stat. tit. 21 § 801. The elements of robbery with a dangerous weapon under § 801 include the wrongful taking of property from another "by force/fear" using a dangerous weapon. Primeaux v. State, 88 P.3d 893, 906 (Okla. Crim. App. 2004). A conviction under § 801 therefore required proof of the use, threatened use, or attempted use of physical force.

### III

No reasonable jurist could debate that Hill's three previous felonies qualify as violent felonies under the elements clause of the ACCA. We **DENY** Hill's request for a COA and **DISMISS** the appeal.

Entered for the Court

Carlos F. Lucero
Circuit Judge