**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

FILED
**United States Court of Appeals
Tenth Circuit**

**March 3, 2023**

**Christopher M. Wolpert
Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

NELSON ALAS,

    Defendant - Appellant.

No. 22-7049
(D.C. Nos. 6:19-CV-00219-RAW &
6:17-CR-00049-RAW-2)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **McHUGH**, **MURPHY**, and **CARSON**, Circuit Judges.
_____

This matter is before the court on Nelson Alas's pro se request for a

certificate of appealability ("COA"). He seeks a COA so he can appeal the

denial of his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(1)(B)

(providing no appeal is allowed from a "final order in a proceeding under

section 2255" unless the movant first obtains a COA). Because he has not

"made a substantial showing of the denial of a constitutional right," *id*.

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§ 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.[1]

Alas pleaded guilty to a single count of conspiracy to possess with intent to distribute large quantities of methamphetamine. *See* 21 U.S.C. §§ 841, 846. In exchange for Alas's guilty plea, the government dismissed numerous additional substantive counts and a count seeking forfeiture of assets derived from the conspiracy. The district court imposed a sentence of 135 months' imprisonment, a term at the bottom of the advisory range set out in the Sentencing Guidelines. Thereafter, Alas filed the instant § 2255 motion, asserting the government breached the plea agreement by failing to adequately make the district court aware, by the time of sentencing, of any assistance Alas provided "in any ongoing investigation into criminal activity within the Eastern District of Oklahoma and elsewhere, or in the prosecution

---

[1] The government has filed a motion to dismiss this appeal as untimely. As the basis for that motion, the government asserts Alas was obligated to file his notice of appeal within fourteen days of the entry of the judgment. *See* Gov't Motion at 3 (citing Fed. R. App. P. 4(b)(1)(a)(i)). In a proceeding under § 2255, however, the notice of appeal must be filed within sixty days of entry of the judgment. 28 U.S.C. § 2107(b)(1); Fed. R. App. P. 4(a)(1)(B). This is true because proceedings under § 2255 are civil in nature and involve the United States and/or one its officers or employees sued in an official capacity. *United States v. Williams*, 790 F.3d 1059, 1077 n. 14 (10th Cir. 2015); *United States v. Cruz*, 774 F.3d 1278, 1284 (10th Cir. 2014); *United States v. Pinto*, 1 F.3d 1069, 1070 (10th Cir. 1993). Alas filed his notice of appeal within the sixty-day window and his appeal is, therefore, timely. Accordingly, the government's motion to dismiss the appeal as untimely is **DENIED**.

2

of another person who has committed a criminal offense." He also raised two overarching claims of ineffective assistance of counsel.

The district court denied Alas's request for collateral relief. As to Alas's claim the government breached the plea agreement, the district court found it had, in fact, been made aware of Alas's cooperation and that the matter had been vetted at the sentencing hearing. Furthermore, the district court concluded it was well-aware of its authority to vary or depart sua sponte based on any such cooperation and that the record demonstrated Alas was not entitled to such relief. As to Alas's claims of ineffective assistance, the district court concluded they were inconsistent with facts and the record and, more importantly, at odds with "solemn declarations" Alas made "in open court" during the plea colloquy. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.").

Alas seeks a COA so he can appeal the district court's denial of his § 2255 motion. The granting of a COA is a jurisdictional prerequisite to an appeal from the denial of a § 2255 motion. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). To be entitled to a COA, Alas must make "a

3

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quotations omitted). In evaluating whether he has satisfied this burden, we undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although he need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

Having undertaken a review of Alas's combined appellate brief and request for COA, the district court's order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, we conclude Alas is not entitled to a COA. In so concluding, this court has nothing to add to the district court's thorough order denying Alas's § 2255

motion.  Accordingly, Alas's request for a COA is **DENIED** and this appeal

is **DISMISSED**.

Entered for the Court

Michael R. Murphy
Circuit Judge